CHRISTINE SIEBERT *vs.* J. TRAVIS ROSSER and others.

September 25, 1877.

Town Plat Erroneously Recorded — Possession, held Constructive Notice of Title.—In the original survey and plat of West St. Paul proper, as made and duly filed for record, block 23 was subdivided into two nearly equal parts by a north and south line, and into ten lots, five of them lying on the east of said line, and being numbered 1 to 5 inclusive, and five on the west side, being numbered 6 to 10 inclusive. In a partition had between the co-proprietors, H. and R., the west half of said block, as represented as above by lots numbered 6 to 10 inclusive, was conveyed to H. in fee, and the balance, or east half, as above, to R. Subsequently H., having then no interest or estate in said block, except as above, executed and delivered to B. a deed purporting to convey to him, his heirs and assigns, for a consideration therein named, certain premises described therein as follows: "Lots 6, 7, 8, 9 and 10, in block 23, in West St. Paul proper, as recorded in the office of the register of deeds in Dakota county, State of Minnesota." At this time the original plat had been withdrawn from the files, and ever after remained so; there being, however, a transcript record in the office, which has since remained, whereon the lots in said block appear erroneously numbered, as follows: the east half being numbered 6 to 10 inclusive, and the west half 1 to 5 inclusive. Plaintiff took actual possession of the lots constituting the west half of said block, and has ever since occupied them under title in fee from B. Defendant's rights accrued subsequent to such her entry and possession. *Held*, the deed from H. to B. passed to the latter and his grantees the fee in the west division or half of said block, and plaintiff's actual possession was constructive notice to defendant of such her title.

This action was brought in the district court for Dakota county, to determine the adverse claim of the defendants to lots one, two, three, four, five, seven, eight, nine and ten, in block twenty-three, in West Saint Paul proper, in accordance with the original plat of West Saint Paul. The real defendant, Lord, alleged in his answer that he was the owner and seized of an estate in fee of lots two, three and four, of block twenty-three, in the town of West Saint Paul, according to the recorded plat thereof recorded in the office of the register of deeds of the county of Dakota, on May 23, 1856, commonly called and known as West Saint Paul, and as West Saint Paul

proper, and which is, and has been continuously since said day, the only plat thereof ever known to this defendant.

The case was referred to Henry J. Horn, Esq., as sole referee, to hear, try and determine said action, and to allow and report a judgment therein.

The referee, in substance found, as to the facts, that in May, 1856, Amos W. Hall, J. Travis Rosser and others, being the owners, as tenants in common, of a large tract of land in Dakota county, caused the same to be surveyed, laid out and platted as a town, and made, executed and acknowledged a town plat thereof, and caused the said plat to be duly certified and filed for record, in the office of the register of deeds for said Dakota county; that said town plat was entitled or marked as the plat of "West Saint Paul, Minnesota," and that the land so platted was, and is, commonly known as "West Saint Paul Proper;" that said block twenty-three was laid out on and is a part of said town plat, and appears on said original plat as marked on the following diagram, to-wit:

—that said original plat was therein transcribed as a record, by the register of deeds of said county of Dakota, in his office, and was thereafter, prior to the year 1857, removed from the office of said register; that the said block twenty-three appears on the said transcript record in said register's office as in the said original plat, except as to the numbering of the lots, in which respect it differs, as shown by the following diagram, to-wit:

NORTH.

John Street.

WEST.        Virginia Avenue.        Livingston Avenue.        EAST.

Delos Street.

SOUTH.

—that after said plat was so made the owners of the said land, on or about May 17, 1856, executed and delivered to each other a deed of partition, whereby the west half of the said block twenty-three was allotted in severalty to the said Hall, and the east half of the said block was likewise allotted to the said Rosser; that on July 29, 1867, Hall conveyed to one Bidwell, by quit-claim deed, all his estate, right, title and interest in "lots six, (6,) seven, (7,) eight, (8,) nine, (9,) and ten, (10,)

in block twenty-three, (23,) in West St. Paul proper, as recorded in the office of register of deeds in and for the county of Dakota, state of Minnesota;" that on October 9, 1867, the said Bidwell conveyed by warranty deed to Elias Siebert "the west half of block twenty-three, (23,) being lots numbers six, (6,) seven, (7,) eight, (8,) nine, (9,) and ten, (10,) in said block twenty three, (23,) in West St. Paul proper, as recorded in the office of register of deeds in and for the county of Dakota;" that thereafter, November 3, 1868, the said Elias Siebert and Christine Siebert, his wife, conveyed the premises described in the last mentioned deed to one Justus; and that the latter, on November 7, 1868, reconveyed the same premises to Christine Siebert, the wife of Elias Siebert, and the present plaintiff; that in the said year, 1868, and under the said last mentioned deed, the said plaintiff entered and took possession of the said west half of said block twenty-three, and has ever since continued in possession of the same, save as to that lot therein numbered six in the original plat; that prior to the year 1871 the said west half of the said block, except the said lot six, was inclosed and improved, and a dwelling-house erected on the north part of the said block; and that said improvements have ever since continued thereon, and that said plaintiff resided, and continues to reside, in said dwelling-house, and that she has been in the actual occupancy of said premises prior to and during all the year 1871; that on August 20, 1871, the said Elias Siebert, husband of the plaintiff, by divers sufficient mesne conveyances, derived under the said Rosser, became, and ever since has been, the owner in fee simple of the east half of the said block twenty-three, and ever since he became such owner has allowed the plaintiff to use and possess the same in connection with the said west half of said block; that on October 21, 1871, the aforesaid Hall conveyed to one Menzies, by warranty deed, "lots two, (2,) three, (3,) four, (4,) and five, (5,) of block twenty-three, (23,) in West St. Paul proper, being on the west side of said block twenty-three, (23,) according to the recorded plat thereof on file in

the office of the register of deeds in said county;" that on November 4, 1872, the said Menzies, by deed of conveyance, purported to convey to the said defendant Lord, among other lots in said instrument described, "lots two, (2,) three, (3,) four, (4,) and five, (5,) in the west half of block twenty-three, (23,) * * * in the town of West St. Paul proper, * * * according to the recorded plat thereof on file and of record in the office of register of deeds, on the 1st day of November, 1871."

The referee further found that the said Menzies, in taking the conveyance from Hall, was acting for and in the interest of Lord, and that he was then the real purchaser of the said property; that at the time of this conveyance Lord was informed and had notice of the actual occupancy and possession of the west half of said block twenty-three, (23,) but that neither he nor Menzies had any actual notice that the said lots were not numbered as on the original plat, but that, on the contrary, they both supposed the numbering of the lots in said block, on the record plat aforesaid, to be a legal designation and description thereof. It was also found by the said referee that the said Hall never had any estate, right, title or interest in the east half of said block twenty-three.

Upon this finding of facts the referee determined, as conclusions of law, that the deed from Hall to Elias Siebert passed the title to the latter of the west half of block twenty-three, and that the plaintiff, under the subsequent conveyances, became the owner thereof in fee simple; that the occupancy and possession of the plaintiff were sufficient notice to the defendants Menzies and Lord, at the time of their purchase, of her title to said premises; that the defendants had no estate, right, title or interest in the land described in the complaint, but that the plaintiff was the owner in fee simple of the lots described in the original plat as lots seven, (7,) eight, (8,) nine, (9,) and ten, (10,) in said block twenty-three, and on said record plat as lots one, (1,) two, (2,) three, (3,) and four, (4,) in said block, being all the west half of said

block except the southernmost lot, which latter was described as lot six (6) on the original, and as lot five (5) on the record plat. The referee, therefore, ordered judgment to be entered for the plaintiff, and said judgment having been entered the defendants appealed.

*A. R. Capehart*, for appellants.

*F. F. Wilde*, for respondent.

CORNELL, J. Upon the facts specifically found it is clear that Hall never, after the partition between him and his co-proprietor Rosser, had any interest or estate in the east half of the block 23 as originally "surveyed, platted, and duly filed for record;" that at the time of his conveyance to Bidwell he did in fact own the west half of said block, and had no other interest therein; that such west half was subdivided by such survey into lots which were numbered upon the original plat, so filed for record, as lots 6, 7, 8, 9, and 10. His deed to Bidwell purported, upon the expressed consideration of $150, to convey all his estate, right, title, and interest in and to certain premises in Dakota county, therein described as follows, to-wit: "Lots six, (6,) seven, (7,) eight, (8,) nine, (9,) and ten, (10,) in block twenty-three, (23,) in West Saint Paul proper, as recorded in the office of register of deeds in and for the county of Dakota, state of Minnesota." As it must be presumed that the parties to this deed intended it to have some operative effect as a conveyance of some interest and estate in this block, and as the grantor had no claim to any interest or estate therein, except as the owner of the west half of said block, designated in the original survey and plat, as filed for record, as lots 6, 7, 8, 9 and 10 of said block, we are of the opinion that this deed was intended by the parties thereto to operate as a transfer of the title to these lots, as thus originally surveyed and platted, and that it in fact had that effect as between the parties thereto.

Such, as we understand the findings of the referee, was the conclusion which he reached upon the evidence before him, and we think he was right. In view of all the facts disclosed by

his specific findings he was fully justified in regarding the words "as recorded," as used in the descriptive clause, as having reference to the original plat, so duly filed for record, instead of the erroneous transcript therefrom.

The deed from Bidwell, under which the plaintiff claims title as a subsequent purchaser, is still more specific in that it describes the property conveyed as the *west half of the block,* being lots numbered six, (6,) seven, (7,) eight, (8,) nine, (9,) and ten, (10,) in said block twenty-three, (23,) in West St. Paul proper, as recorded, etc.   Under this conveyance plaintiff entered and took actual possession of the west half of said block, and has ever since, by herself and those holding under her, held actual possession and occupancy thereof. There can be no doubt that she became in fact, by virtue of those conveyances from Hall and Bidwell, the owner in fee of the premises in question; and her actual occupancy thereof, at the time appellant made his purchase, was sufficient to charge him with constructive notice of her right and title to the premises.   *Morrison* v. *March,* 4 Minn. 325, (422;) *Groff* v. *Ramsey,* 19 Minn. 44.   The judgment is affirmed.