BOLTON v. EGGLESTON.

1. **Conveyance**: MISTAKE: EQUITABLE RELIEF: PRACTICE. Where defendant had marked off to her and purchased a strip of land four rods wide, and the same was conveyed to her as lot 8, and afterwards plaintiff had marked off to him and purchased an adjoining strip of land five rods wide, and the same was conveyed to him as lot 7 and the adjacent vacated alley, and it afterwards appeared from the recorded plat that there was no alley between the lots, and that lot 8 was five rods wide, and lot 7 only four rods wide, *held* that the parties took the amount of land actually purchased by and marked off to them respectively, and not according to the descriptions in their deeds, and that plaintiff was entitled to a decree quieting in him the title to that portion of the land purchased by him which was covered by defendant's deed; and it is no objection to the granting of such relief that plaintiff does not ask for a reformation of his deed, which, by mistake, described the alley as lying on the west, instead of the east, of lot 7, as that is a matter which concerns only plaintiff and his grantor.

*Appeal from Cerro Gordo District Court.*

FRIDAY, JUNE 8.

THE plaintiff brings this action to quiet title to a strip of ground one rod in width and eight rods in length, in the village of Clear Lake. The petition prays that the defendant be barred and estopped from having or claiming any title or interest in said ground, and that the plaintiff have general relief. The court entered a decree for the plaintiff. The defendant appeals. The facts are stated in the opinion.

*L. S. Butler* and *Glass & Hughes*, for appellant.

*Bush & Hurn*, for the appellee.

DAY, CH. J.—I. There is no dispute whatever about the facts of this case, which are as follows: One A. B. Allen owned lots 7 and 8, in Tuttle's addition to the village of Clear Lake. He supposed that each of these lots was four

rods wide, and that there was originally an alley one rod wide between them, which had been vacated. The defendant proposed to purchase lot 8, and went with Allen to see the property. Allen told her the lot was four rods wide, and in her presence he measured off four rods in width, and made a mark upon the fence as the corner of her lot. Upon the same day Allen conveyed to the defendant lot 8 in Tuttle's addition to Clear Lake. Afterward Allen pointed out to the plaintiff the mark on the fence, and informed him that that was the west line of the lot sold to the defendant, and informed the plaintiff that lot 7 was four rods wide, and that the alley between lots 7 and 8 had been vacated and become his property, and he proposed to sell to plaintiff lot 7 and the vacated alley, making the land proposed to be sold five rods in width. The plaintiff purchased this land, and Allen executed to him a deed describing the property purchased as "lot 7 and a strip sixteen and one-half feet wide on the west side thereof, formerly used as an alley, now included and made a part of said lot." The plaintiff took possession of the lot purchased by him, and erected a frame house upon stone foundations, at a cost of about $3,000, the house extending upon the strip one rod in width, in controversy in this case, about eight feet. The defendant was often present during the construction of this house, and frequently pointed out the mark upon the fence as constituting her west line. When the house was completed, the plaintiff graded the land embraced in his deed. When he came to construct the division fence between himself and the defendant, the defendant placed her foot upon the ground on a line with the mark upon the fence, and stated that was the division line, and upon the line as by her indicated the division fence was constructed. Afterward it was discovered that in the plat of the addition in question there never had been any alley between lots 7 and 8, and that lot 8 was designated as five rods wide, and lot 7 as four rods wide. Upon the discovery of these facts, the defendant made claim to an additional rod in width, including

Bolton v. Eggleston.

eight feet upon which the plaintiff's house is erected. The mere statement of the facts presents all the argument which the case requires. The defendant bought and paid for a tract of land four rods wide, specifically pointed out and marked upon the ground. The plaintiff bought and paid for a tract five rods wide, pointed out and marked in the same manner. There can be no mistake nor dispute whatever as to what each party purchased and paid for. The defendant never supposed that she purchased more than four rods in width, until she was informed by the person who purchased a lot opposite to her that her lot was five rods wide, and he supposed hers must be the same. To allow the defendant to hold one rod in width of land which she did not purchase, and did not pay for, and to deprive the plaintiff of the same land which he did purchase, and did pay for, would, under the circumstances disclosed in this case, be both bad law and bad morals.

II. The deed to plaintiff describes the vacated alley as on the west side of lot 7. This is clearly a mistake, and it is shown to be such by the evidence. Lot 7 lies to the west of lot 8, and the alley is between them, or to the east of lot 7. It is claimed that plaintiff cannot have relief because he does not ask a reformation of the deed to himself. This is a matter which is solely between the plaintiff and his grantor, Allen, and it does not in any manner concern the defendant. The judgment of the court below is

AFFIRMED.