L. R. THIAN, Administrator, *vs.* A. R. GILL.

## February 27, 1891.

**Vendor and Purchaser—Estoppel—Evidence.**—The owners of the land in controversy here contracted to sell and convey the same to one R. H. While this contract was outstanding, and in pursuance of some arrangement with the parties in interest, not fully disclosed by the testimony, the defendant entered into a contract with the plaintiff's intestate to convey the same land to him, and thereafter, at his own instance and request, procured the original vendors to so convey the same in fulfilment of the last-mentioned contract. *Held*, that the defendant was estopped to dispute the validity of such conveyance, or plaintiff's right to the possession thereunder. It was competent to prove by parol that defendant procured the deed to be so executed in satisfaction of his own contract.

Ejectment for a lot in Minneapolis, brought in the district court for Hennepin county, and tried by *Rea*, J., (a jury being waived,) who ordered judgment for plaintiff. The defendant appeals from an order refusing a new trial.

*Little & Nunn*, for appellant.

*Benjamin Davenport*, for respondent.

VANDERBURGH, J. For the determination of the merits of this controversy, the record would have been more satisfactory if the defendant had put in more evidence, some of which must have been within his reach or knowledge. He chose rather to depend upon technical objections to the plaintiff's case, and we think judgment was rightly ordered against him. On June 16, 1887, Potter & Thompson were the owners of the lot in controversy. On that day they contracted to sell and convey the same to one Rosella Howe, and gave her the right of possession by the terms of the contract until she should make default under the same. It does not appear what has become of her equitable interest in the land, and this is the *gravamen* of the defence. But on the 8th day of November, 1887, the defendant, assuming to contract as owner, entered into a written agreement with plaintiff's intestate, containing mutual covenants, whereby he agreed to convey the same lot to the decedent by a good

and sufficient warranty deed, upon the performance by the latter of certain conditions therein expressed. This contract contemplated an exchange of lands. Afterwards, on the 6th day of December, 1887, Potter & Thompson conveyed the premises by warranty deed to the decedent, which conveyance was procured to be made in fulfilment of defendant's contract with plaintiff above mentioned, and at his request. Defendant does not claim that the plaintiff's intestate has failed to comply with the contract on his part. Upon this state of facts the plaintiff ought to recover the possession of the premises, as against the defendant. The contract and deed procured and accepted in fulfilment thereof effectually disposed of all his right and interest in the premises, whatever they may be, including the possession. He will not be permitted to shield himself behind the outstanding contract in favor of Howe, whom, the testimony shows, he assumed to represent in procuring the deed from Potter & Thompson to the decedent. That this deed was so procured at defendant's instance was properly shown by parol, and it is not necessary to consider whether further evidence, tending to show that plaintiff's intestate executed to defendant a deed of certain lands agreed to be conveyed by him to defendant by the same contract, was competent, because it was immaterial under the issues, and was without prejudice.

Order affirmed.