## WILLIAM BELL *vs.* OCTAVE GOODNATURE.

Submitted on briefs July 1, 1892.   Decided July 12, 1892.

**Estoppel in Pais—Element of Injury.**

> Where the purpose of an action or defense is, and its necessary effect, if sustained, will be, to deprive a party of property which he was induced to purchase by the representations of the other party, it is not necessary, in order to apply the doctrine of estoppel, for the jury to find as a fact that to permit the party to disprove the truth of his representations will operate as a fraud on or injury to the other party.

**Estoppel in Pais not Abrogated by Statute of Frauds.**

> The statute of frauds has not abrogated the doctrine of estoppel *in pais,* as applied to purchases of real estate.

Appeal by defendant, Octave Goodnature, from an order of the District Court of Freeborn County, *Farmer,* J., made October 6, 1891, refusing him a new trial.

Action brought by plaintiff, William Bell, for trespass and cutting trees upon his land by the defendant, who owned adjacent land on the west. The dispute between them was as to the true location of the dividing line. Plaintiff bought his piece of land of defendant eighteen years before the trial, and he claimed that to induce him to purchase, defendant pointed out the boundary so as to include the trees cut and that he relied thereon, and that defendant is now estopped from claiming the trees. Verdict for plaintiff for $25.

*Lovely & Morgan,* and *W. E. Todd,* for appellant.

Before a party is concluded by estoppel, it must appear that he has made a statement which is clearly inconsistent with the claim he proposes to set up; that the party acted upon the statement; that he will be injured by allowing the truth of the statement to be disproved. *Dezell* v. *Odell,* 3 Hill, 215; *Carpenter* v. *Stilwell,* 12 Barb. 128; *Titus* v. *Morse,* 40 Me. 348.

The court omitted the third element of estoppel entirely from his charge, and in view of the evidence, it is a very material omission therefrom. In no part of his charge does he indicate that the plain-

tiff must have been damaged by reason of the alleged misrepresentations, and it is respectfully submitted that the omission to so charge was prejudicial error.

It is further contended upon the part of·the defendant that the declarations and admissions relied upon by plaintiff to establish an estoppel would abrogate the statute of frauds.

*John Anderson* and *Lafayette French,* for respondent.

A party is estopped to deny the line between his own and the adjoining land to be the true line if he pointed that line out as the true line and induced the other party to purchase up to such line. *Richardson* v. *Chickering,* 41 N. H. 380; *Louks* v. *Kenniston,* 50 Vt. 116; *Dewey* v. *Bordwell,* 9 Wend. 65; *Stanwood* v. *McLellan,* 48 Me. 275.

GILFILLAN, C. J.    It is not assigned as error that the evidence was not sufficient to sustain the verdict.    Only the charge of the court is so assigned.

It appears that, twenty-odd years ago, defendant, owning certain land, caused the same to be subdivided into lots, and platted upon a survey made by. one Lacy, and the plat to be recorded, and about eighteen years ago he sold one of the lots to plaintiff.    There was evidence tending to show that before the sale he pointed out to plaintiff the line between the lot thus sold and the lot next to it on one side, which he continued to own, and that plaintiff was induced to make the purchase by what defendant said to him as to the location of the line.    The action is in trespass for cutting timber on the lot so purchased on plaintiff's side of the line so pointed out.

The court charged the jury on the question of estoppel.    The objection urged to the charge on that point is that the court left out of its statement of what would estop defendant to dispute the line thus pointed out, the element that plaintiff must be injured by allowing the truth of the statement to be disproved.    Had it been the office .of the charge to give an abstractly correct and full definition of estoppel it might be open to the objection.    But the business of the .court in its charge was not to give a definition of estoppel, but to furnish the jury a guide by instructing them what facts it was nec-

essary for them to find in order to hold the defendant estopped. Where the doctrine of estoppel is invoked it may sometimes be necessary for the jury to find that to permit the party to go back on his statements relied on to estop him will operate as a fraud on or injury to the other party. That, however, cannot be necessary where the purpose of the action or defense, and its necessary effect, if sustained, is to deprive the party of property or rights which he was induced to purchase by the statements or acts claimed as an estoppel. For example, if A. should be induced by the representations of B. to believe that C. was the owner of property, and to purchase it from him, it would not be necessary, in an action by B. against A. to recover the property on the ground that he and not C. was the owner, for the jury to find that to permit B. to go back on his representations would operate to injure or defraud A., for the purpose of the action is to perpetrate the fraud or injury. This is similar to such a case.

The statute of frauds has not abrogated the doctrine of estoppel *in pais* as applied to purchases of real estate.

Order affirmed.

(Opinion published 52 N. W. Rep. 908.)