JAMES N. CASTLE *et al. vs.* ELDER *et al.*

Submitted on briefs May 10, 1894. Affirmed May 15, 1894.

No. 8637.

**Deed construed to convey all riparian rights.**

Where a deed conveys land bordering on a lake by a description, the calls for the eastern boundary of which are: "Thence east to the shore of the lake; thence north, along said lake shore, to a certain point; and thence west," etc.,—*held*, it conveys all the riparian rights of the grantor in the lake, in front of the land conveyed, and, as against the grantor, any land made by filling in the lake at the shore.

**Reference to a former deed held sufficient to identify it.**

*Held*, a certain reference in a deed sufficiently identifies the deed referred to.

**Oral evidence to vary the effect of the deed.**

Certain oral evidence *held* incompetent to vary the terms of a deed.

Appeal by plaintiffs, James N. Castle, William G. Robinson and Edward S. Brown, executors of the will of Martin Mower, deceased, from an order of the District Court of Washington County, *W. C. Williston*, J., made December 26, 1893, denying their motion for a new trial.

On November 12, 1857, Samuel Burkelo and wife and William H. Morse conveyed to Martin Mower a part of lot one (1) in block twenty eight (28) on the south side of Chestnut Street in Stillwater, sixty feet front on Lake St. Croix and running back westerly same width to

v.57M.—19

within one hundred and fifty feet of Main Street; also Government lot four (4) in Section eighteen (18) in T. 32, R. 19, in Washington County, containing fifty one acres. This deed was recorded in the Registry of Deeds in Book I. page 515. Subsequently Stimson's alley thirty feet wide was laid out running north and south through lot one (1) west of and adjoining the part of the lot so conveyed to Mower. On November 14, 1868, Mower made a deed to Esaias Rheiner of a part of the lot described as follows:

"All that part of lot No. 1 of block 28 in the town now city of Stillwater, according to the recorded plat thereof, bounded as follows, to-wit: commencing at a point in the north line of said lot where the east line of Stimson's alley intersects said north line of said lot one (1), thence south along the east line of Stimson's alley sixty feet, thence east on a line parallel with Chestnut street to the shore of Lake St. Croix, thence northerly along said lake shore to the north line of said lot one (1), thence westerly along said north line to the place of beginning, being the same premises conveyed to said Martin Mower by Samuel Burkelo and wife by deed dated November 12, 1857, and recorded in the office of the Register of Deeds of said county in Book I of Deeds on page 515."

Esaias Rheiner died testate September 3, 1886. His will was proved and the defendants, H. B. Elder and the city of Stillwater, have succeeded to his rights and title to the property so conveyed to him. Since the deed to Rheiner the shore of the lot has been gradually extended eastward into the lake over a hundred feet by earth and refuse deposited there by various parties. Martin Mower died testate in 1890. His will was proved and letters testamentary were issued to the plaintiffs. They claim that Mower owned this made land, that he died seized thereof, that when he deeded to Rheiner they agreed where the shore line was and that it should circumscribe and limit the ground sold, that on the day the deed was made they met upon the ground and agreed that the line of the shore as it was at that time should be recognized between them and their heirs and grantees as the boundary on the east of the lot conveyed to Rheiner, and that Mower ever after during his life continued to claim the part outside of that old shore line. That after Mower's death Rheiner's devisees and their grantees and tenants claimed this made land and

that defendant Elder had made a wood and coal yard thereon. The plaintiffs prosecute this action to quiet the title of their testator and to determine the adverse claims of the defendants and to eject defendants from the land. The issues were tried May 26, 1893, before the court. The two deeds were received in evidence and it was admitted that the plaintiffs had succeeded to the title and rights of Mower and that the defendants had succeeded to the title and rights of Rheiner. Plaintiffs then offered to prove by competent oral evidence the conversation on the ground when the deed to Rheiner was made. Defendants objected and the court excluded the evidence and ordered judgment for defendants holding that the deed to Rheiner conveyed to him all of Mower's riparian rights. Plaintiffs moved for a new trial. Being denied they appeal.

*Jas. N. Castle* and *C. B. Jack*, for appellants.

When a deed contains a sufficient description of the land a reference to a former deed as conveying the same land is of no value. Such reference has never been exalted even to the dignity of throwing light upon a patent ambiguity. *Cassidy* v. *Charlestown F. C. Sav. Bank*, 149 Mass. 325; *Lovejoy* v. *Lovett*, 124 Mass. 270; *Dow* v. *Whitney*, 147 Mass. 1; *Thayer* v. *Finton*, 108 N. Y. 394; *Bradish* v. *Yocum*, 130 Ill. 386; *Brown* v. *Heard*, 85 Me. 294.

The oral testimony should have been admitted. It was not only good as between the parties but bound the heirs and assigns of Rheiner as well. *Norton* v. *Pettibone*, 7 Conn. 319; *Deming* v. *Carrington*, 12 Conn. 1; *Hills* v. *Ludwick*, 46 Ohio St. 373.

Where such a boundary is, with reference to the subject matter, is a question of fact, and may be proven as any other fact. As indicating where such a boundary is, the admissions of a party owning up to such a line made while owning and being in possession are competent evidence. The claim of one party and the admissions by the other are all important and should be taken into consideration. *Opdyke* v. *Stephens*, 28 N. J. Law, 83; *Pike* v. *Hayes*, 14 N. H. 19; *Deming* v. *Carrington*, 12 Conn. 1; *Rutherford* v. *Tracy*, 48 Mo. 325; *Wynn* v. *Cory*, 48 Mo. 346; *Smith* v. *McKay*, 30 Ohio St. 409; *Wood* v. *Foster*, 8 Allen, 24; *Eastman* v. *St. Anthony Falls W. P. Co.*, 43 Minn. 60.

*Clapp & Macartney,* for respondents.

The last clause in the description given in the deed from Mower to Rheiner shows that it was Mower's intention to convey to Rheiner all that part of this lot which he got by the deed from Burkelo and Morse. The court below adopted this view and did not go farther into the case.

In the construction of deeds where another deed or a map is referred to for further description such other deed or map is considered as incorporated into the deed in which such reference is made. *Vance* v. *Fore,* 24 Cal. 435; *Hudson* v. *Irwin,* 50 Cal. 450; *Rutherford* v. *Tracy,* 48 Mo. 325; *Foss* v. *Crisp,* 20 Pick. 121; *Hopkins* v. *Smith,* 111 Mass. 176; *Flagg* v. *Bean,* 25 N. H. 49; *Bent* v. *Rogers,* 137 Mass. 192; *Wuesthoff* v. *Seymour,* 22 N. J. Eq. 66.

The description in the deed to Rheiner is complete, needs no parol evidence to explain it and is sufficient to convey all of the lot that Mower owned; *Hathaway* v. *Wilson,* 123 Mass. 359; *State ex rel.* v. *Hudson Tunnel R. Co.,* 38 N. J. Law, 548; *Child* v. *Starr,* 4 Hill, 369; *Halsey* v. *McCormick,* 13 N. Y. 296; *Yates* v. *Van De Bogert,* 56 N. Y. 526.

CANTY, J. Plaintiffs' testate, Martin Mower, was grantee in a deed dated November 12, 1857, made by Burkelo and Morse, recorded in Book 1 of Deeds, pages 515 and 516, in the office of register of deeds of Washington county, and conveying to Mower a part of a city lot in Stillwater, which, for the purposes of this case, may be described as bounded on the east by Lake St. Croix, on the west by Stimpsons alley, on the north by Chestnut street, and on the south by a line drawn parallel to, and sixty feet south of, that street, and conveying, also, a government tract of land some twenty miles from Stillwater. On November 14, 1868, Martin Mower made a deed to Rheiner, the description in which called for all the boundaries of this same part of this city lot, except that the south line ran to the shore of Lake St. Croix; thence north, along said lake shore, to the north line of the lot, to, and thence west along, Chestnut street, etc.; adding that it was the same premises conveyed to Mower by Burkelo by deed dated November 12, 1857, and recorded in said office in said book and page of deeds.

The lake in front of this lot has for many years past been used as a dumping ground for waste and garbage, and has been gradually filled in, so that the lake shore is now from 100 to 200 feet further out than it was when the lot was platted, in 1848, and this is an action of ejectment, brought by plaintiffs, to recover the land made in front of this lot by so filling out into the lake.

On the trial, plaintiffs offered to prove that at the time of making the last deed the old shore line was pointed out by Mower to Rheiner; and it was orally agreed that it should be the boundary line of the land to be sold to Rheiner, and that afterwards they again agreed to recognize this as the boundary line, and that Mower had and kept possession of all outside of this line until Rheiner's death, and that since that time the defendants, holding under Rheiner, have taken possession of all of this land up to the lake. The offer was refused. At the close of the trial judgment was ordered for defendants; and, from an order denying a motion for a new trial, plaintiffs appeal.

The plaintiffs did not seek equitable relief, in having the deed to Rheiner reformed. Their offer was an attempt to contradict the terms of the deed by oral evidence, and was properly refused.

The description in the deed to Rheiner, even without the aid of the reference to the other deed, was sufficient to convey all the riparian rights along the shore of the lake. "Where a party conveys a parcel of land bounded by water, it will never be presumed that he reserves to himself proprietary rights in front of the land conveyed. The intention to do so must clearly appear from the conveyance; and the mere fact that the boundary of the lot conveyed is indicated by a line on the plat will not limit the grant to the lines on the plat, or operate to reserve to the grantor proprietary rights in front of the lot." *Gilbert* v. *Emerson*, 55 Minn. 254, (56 N. W. 818,) citing *Watson* v. *Peters*, 26 Mich. 508. But in this case there was not even a line on the shore to limit the grantee's rights. But, if necessary, this deed was aided by the reference to the deed to Mower. While that deed conveyed two tracts, it was plain the parties intended to refer to this one only. It is also true that the reference was to a deed made by Burkelo, while the deed to Mower was made by both Burkelo and Morse; but there were clearly sufficient other data given in the reference to identify it as the first-named deed. The date of the deed, grantee, general description of

the premises, and book and page where the deed was recorded, were .all correctly stated, which was sufficient.

It is not necessary to decide, as between these parties and the state, which would be entitled to the land in dispute, if the state claimed it. As between the plaintiffs and defendants, it is appurtenant to the land of Rheiner, as a part of his riparian rights, and plaintiffs have no right to it.

The order appealed from should be affirmed. So ordered.

Buck, J., absent, sick, took no part.

(Opinion published 59 N. W. 197.)

Application for reargument denied June 5. 1894.

