117    93|
143   ¹299|

## MOWERS *v.* EVERS.

1. DISPUTED BOUNDARIES — AGREEMENT ON LINE — LONG ACQUIES-
CENCE—ESTOPPEL.

The grantee of one who, after acquiring title by adverse pos-
session to a strip adjoining a parcel to which he held the
record title, expressly disclaimed title to the strip, and per-
mitted a purchaser, who had bought in reliance upon such
disclaimer, to place a fence along the disputed boundary line,
and acquiesced for 13 years in the line so established, can-
not interfere with the purchaser's occupancy of the disputed
strip.

2. SAME—PLEADING.

Where the grantee, in ejectment by him, sought to establish
title to the strip by adverse possession, evidence was properly
admitted on behalf of defendant to show the action of the
grantor in relation to the establishment of the line, although
an estoppel was not specially pleaded.

Error to Kalamazoo; Buck, J. Submitted April 20,
1898. Decided May 17, 1898.

Ejectment by John H. Mowers against George M.
Evers and Lucinda Evers, impleaded with Patrick H.
Gilkey. From a judgment for defendants, plaintiff brings
error. Affirmed.

*D. O. French* (*Walter R. Taylor*, of counsel),' for
appellant

*E. M. Irish*, for appellees.

LONG, J. This cause was heard before the court with-
out a jury, and the following findings of fact and law
made:

"1. On or about the 5th day of October, A. D. 1857,
one Maranda J. Arrowsmith bought of John E. Powers a
certain piece or parcel of land, situated in the township of

Richland, in said county, and bounded and described as commencing twelve rods north of the southwest corner of section fourteen in said township, running thence east ten rods, thence north six rods, thence west ten rods, thence south on section line six rods, to the place of beginning. Said land was duly conveyed to said Maranda J. Arrowsmith by said John E. Powers, by deed dated October 5, 1857, and duly recorded in the office of the register of deeds of said county.

"2. At some time prior to the conveyance of said land by said John E. Powers to said Maranda J. Arrowsmith, he, the said John E. Powers, built or caused to be built a fence along what he supposed to be the east line of said land, but, by mistake, said fence was built on a line two rods east of the true line of said land.

"3. On purchasing said land above described, said Maranda J. Arrowsmith went into possession of the same, and also into possession of a strip of land next adjoining thereto on the east side thereof, said strip of land being two rods in width east and west, and six rods in length north and south, and remained and continued in the possession and occupancy thereof until the fall of the year 1882, or the spring of the year 1883.

"4. In the month of September, A. D. 1881, the said Maranda J. Arrowsmith filed her bill of complaint in the circuit court for the county of Kalamazoo, in chancery, against said defendant George M. Evers, in which said bill of complaint she, the said Maranda J. Arrowsmith, expressly asserted that she never owned or had any title whatever to a portion of land in the southwest corner of the strip of land two rods wide and six rods long before mentioned; and, on the hearing of said cause, said Maranda J. Arrowsmith testified, under her oath, that she made no claim to any land except that which was covered by the deed, and that, if she was in possession of any land not included in her deed, she made no claim to it.

"5. On or about the 12th day of August, A. D. 1882, the said defendant George M. Evers, relying on the statements made by the said Maranda J. Arrowsmith in her said bill of complaint, and on her testimony given in said cause as aforesaid, purchased of the widow and heirs of Sylvester W. Mills the land in controversy in this suit, the said widow and heirs of Sylvester W. Mills conveying the same to said defendant by deed dated on said 12th day of August, A. D. 1882, the record title to said land

being then in said Sylvester W. Mills, and the grantors in said deed being the widow and heirs and only heirs of said Sylvester W. Mills.

"6. Shortly after purchasing the land in controversy of the heirs of said Sylvester W. Mills, as aforesaid, the said ·defendant George M. Evers notified the said Maranda J. Arrowsmith that he had purchased said land, and re- ·quested her to vacate the same, to which said Maranda J. Arrowsmith expressed no objection to said defendant.

"7. In the spring of the year 1883, the said defendant ·George M. Evers entered into the possession of the land in ·controversy, and built a fence on the line between the land in controversy and the land conveyed by said John E. Powers to said Maranda J. Arrowsmith, and removed ·certain buildings from said land in controversy and erected other buildings thereon. All this was done with the knowledge of said Maranda J. Arrowsmith, and without any objection by her to said defendant.

"8. The said defendant George M. Evers and his grantee, Lucinda Evers, remained and continued in the undisputed ·possession of said premises from the spring of the year 1883 until some time after November 8, 1895, with the full knowledge of said Maranda J. Arrowsmith, and without any objection by her to either said George M. Evers or Lucinda Evers, and with the apparent acquiescence of said Maranda J. Arrowsmith in such possession by said defend- ant George M. Evers and his said grantee.

"9. On or about November 8, 1895, the said Maranda J. Arrowsmith executed and delivered a quitclaim deed of the premises in question to the plaintiff in this case, and said plaintiff afterwards attempted to take possession of ·said premises, but was not allowed by said defendants George M. Evers and Lucinda Evers to do so.

"10. The defendants George M. Evers and Lucinda Evers were in possession of said premises when the decla- ration in this cause was filed, and the defendant Patrick H. Gilkey was also in possession of the ice-house on said premises jointly with said defendant George M. Evers.

"I find from the foregoing facts the following conclu- sions of law:

"1. The plaintiff's grantor, Maranda J. Arrowsmith, by her bill of complaint against said George M. Evers, expressly disclaimed all right and title to a part of the land of which she was in possession by reason of a mis- ·take in the boundary of the land conveyed to her by said ·John E. Powers.

"2. The plaintiff's grantor, Maranda J. Arrowsmith, by her testimony in the case against said Evers, expressly disclaimed all her right and interest in the land not described in her deed from said Powers.

"3. The defendant in this case, George M. Evers, having purchased the premises in controversy in reliance on the disclaimer of said Maranda J. Arrowsmith of any interest in said premises, and said Maranda J. Arrowsmith having allowed said Evers to take possession thereof without objection to him by said Maranda J. Arrowsmith, and having allowed said Evers and his grantee to remain in possession of said premises for about 13 years, and to make improvements thereon, without objection to said Evers or his grantee by said Maranda J. Arrowsmith, she, the said Maranda J. Arrowsmith, would be estopped from claiming said land in controversy of said Evers or his grantee.

"4. From the facts above recited, the said Maranda J. Arrowsmith must be held to have consented to the placing of the fence by said Evers on the true line between the land conveyed to her by said Powers and the land conveyed to said Evers by the heirs of Sylvester W. Mills, and to have acquiesced in said boundary established by said fence for nearly 13 years; and neither she nor her grantee can now claim any rights which might otherwise have belonged to her under her former possession of said land.

"5. The defendants are not guilty of unlawfully detaining the possession of the land in question from the plaintiff, and judgment should be entered for the defendants."

Plaintiff brings error. It is claimed by counsel (1) that plaintiff's grantor had acquired the title to this strip of land by adverse possession, and that the mere fact that she was mistaken in supposing that the land was included in her deed would not defeat her title so adversely acquired; (2) that the statements in the bill in chancery were inadmissible in evidence; (3) that the estoppel should have been specially pleaded.

If it be conceded that plaintiff's grantor had acquired title to this strip by adverse possession, yet, we think, the plaintiff was not entitled to recover. The testimony shows, and the court found from the conduct of plaintiff's grantor, that she not only disclaimed title to this strip,

but that she consented to the placing of the fence along this disputed boundary line, and fixed that line as the true line between her premises and the defendants'. She had acquiesced in that as the true line for nearly 13 years before the plaintiff purchased from her. The case is ruled by *Manistee Manfg. Co.* v. *Cogswell,* 103 Mich. 602.

The claim that such an estoppel must be pleaded has no force. The defendants were not seeking to establish their title by estoppel. They were permitted to show the actions of the plaintiff's grantor in relation to the establishment of the true boundary line between the premises. It was admissible for this purpose.

We find no error in the record, and the judgment below must be affirmed.

The other Justices concurred