## C. FRED THOMPSON v. C. O. BORG.[1]

July 10, 1903.

Nos. 13,490—(131).

**Possession and Notice.**

Actual possession of land, whether in person or by a tenant, is notice of the right, title, and equity of the possessor thereto or therein.

**Boundary Line.**

A party is estopped to deny that a division line between his own and adjoining land is the true boundary line, as against a purchaser of the adjoining land, if he induces him, by his representations as to the line, to purchase with reference to such line, and up to it.

**Estoppel.**

Such estoppel may be established by parol evidence, and it is not necessary to show an actual intent to mislead.

**Evidence.**

Rules applied, and *held* that the trial court erred in excluding certain evidence offered by the defendant to establish his alleged defense herein of an estoppel in pais as to the boundary line between the lands of the respective parties.

Action in the district court for Redwood county, under Laws 1893, c. 68, to establish the boundary line between lands owned by the plaintiff and defendant. From a judgment establishing the boundary line, entered pursuant to the findings and order of Webber, J., defendant appealed. Reversed, and new trial granted.

*Pierce & Harriott,* for appellant.

*Bowers & Howard,* for respondent.

START, C. J.

The defendant owns the southwest quarter of section 13, township 113, range 37, in the county of Redwood, and the plaintiff owns the southeast quarter of section 14 in the same township. Prior to the time that the parties became the owners of their respective quarter sections, E. A. Pease owned the southeast quarter, and his wife, Lelah M. Pease, the southwest quarter. While they so owned them, the county sur-

1 Reported in 95 N. W. 896.

90 M.—14

veyor was employed by the board of supervisors of the town of Kintire to locate a highway on the south line of sections 13 and 14, and in doing so he discovered a stone, which was, as he understood the matter, some thirty rods east of the common corner of sections 13, 14, 23, and 24. He removed the stone, and placed it at the point which he ascertained by his survey to be such common corner.

A highway ran north from the original location of the stone on what is claimed by the plaintiff to be the section line, which, for convenience, we designate as the "old survey." But after the survey by the county surveyor, which we designate as the "new survey," a highway was attempted to be laid out by the public authorities running north from the new location of the stone on the section line, if in fact the stone then represented the true corner. The land here in controversy is a strip of land some thirty-two rods wide on the south end and sixteen rods on the north end, between the old and the new survey, containing some twenty-four acres, upon which there was and is a house and barn.

On February 1, 1901, Mr. and Mrs. Pease conveyed the southwest quarter owned by her to the defendant, describing it by the government subdivision, and as containing one hundred sixty acres, more or less, according to the government survey thereof. The defendant, as the trial court found, upon receiving his deed went into possession of all of the land lying east of the new survey, including the here disputed strip, and ever since has been in the open, notorious, exclusive occupancy of the same by himself and his tenants. Thereafter, and on July 6, Mr. and Mrs. Pease sold and conveyed the southeast quarter of section 14 to the plaintiff. The deed described the land as a government subdivision according to the government survey thereof.

The plaintiff thereafter, and on March 22, 1902, claiming that the original location of the stone was at the government mound made to mark the common corners of the sections, and that the old survey was the government section line, and the true boundary line between his land and that of the defendant, brought this action to have the boundary line determined between the respective lands of the parties. The complaint alleged that the section corner had become partly obliterated, and alleged that the true boundary line was the old survey. The answer put in issue this allegation of the complaint, and alleged that the true boundary line was the new survey; also other matters

tending to show that the plaintiff was estopped from claiming that the boundary line was other than the new survey. The trial court found, in effect, that the old location of the stone was the government corner, and the old survey the boundary line, and directed judgment for the plaintiff determining the boundary line to be as claimed by him. Judgment was so entered, from which the defendant appealed.

The assignments of error raise the questions whether the findings of fact of the court are sustained by the evidence, and whether its rulings in excluding certain evidence offered by the defendant in support of his defense of estoppel were correct or not.

The evidence as to whether the old location of the stone and the old survey represented the government corner and section line was radically conflicting. The defendant here urges that the finding of the court on this question is not supported by the evidence. We assume, for the purposes of this decision, that the evidence is sufficient to support the finding, and direct our attention to the question whether the court erred in its rulings in rejecting the evidence of the defendant offered for the purpose stated. The plaintiff objected to the evidence on the ground that it was incompetent, immaterial, and tending to vary the contents of a written instrument. It was then stipulated, with consent of the court, that the evidence be received subject to objection interposed; the court to rule on the evidence, and note it on the transcript; each adverse ruling to be deemed excepted to by the party against whom such ruling is made; the foregoing stipulation to apply to all evidence introduced during the further progress of the trial. The court subsequently sustained the objections to the offered evidence, and noted its rulings on the transcript. Such rulings and the exclusion of the evidence are assigned as error.

The court made no express finding on the defense of estoppel, but it made a general finding that each allegation of the pleadings, except as expressly found, was untrue. This cannot be treated as a finding of fact with reference to the estoppel. It would be unjust to the learned trial judge to so construe it, for it could not have been his purpose to exclude the defendant's evidence as to the estoppel, and then find that the allegations of his answer in that respect were untrue. We infer from the memorandum of the trial judge that the objections to the evidence were sustained for the reason that it tended to vary the terms

of the deed, and upon the broad ground that the evidence was imma-
terial, because it had no reasonable tendency to establish the defense of
estoppel.  However this may be, it is clear that the rulings can only
be sustained, if at all, upon the last ground stated.

The objection that the evidence tended to vary the contents of the
deed is without merit, for the deed did not purport to locate the govern-
ment corner and boundary lines of the quarter section.  The evidence
was intended to show where, in fact, the corner and lines were on the
ground according to the representations of the defendant's grantors,
upon which the plaintiff relied, as he claimed, in purchasing the land.
In other words, the purpose of the evidence was, not to show a mistake
in the description of the land in the deed, for the answer did not seek
a reformation of the deed, or to show a practical location of the line,
but to establish an estoppel in pais by showing facts which would estop
the defendant's grantors and their subsequent grantees with notice
from denying that the corner and line claimed to have been represented
as the government corner and line were not such in fact.  It was com-
petent to prove the alleged estoppel in pais by parol evidence.  Thian
v. Gill, 45 Minn. 459, 48 N. W. 193.

The case of Castle v. Elder, 57 Minn. 289, 59 N. W. 197, is not here
in point.  In that case the plaintiff offered to prove that at the
time of making the deed a certain line was pointed out by the grantor,
and that the parties agreed that such line should bound the grant.  The
offer was refused, and the ruling was affirmed in this court for the
reason that the plaintiff did not seek equitable relief in having the deed
reformed; hence the offer to prove the agreement was an attempt to
contradict the terms of the deed by oral evidence.  The offer was, in
effect, an attempt to incorporate the oral agreement in the deed, which
carried the grant beyond the line pointed out.  There was no question
of an estoppel in pais in that case, for there was no claim made, as
there is in this case, that the grantee, relying upon the representations
of the grantor as to the location of the boundary line, was induced to
purchase and pay for the land up to the designated line.  On the con-
trary, it was simply a case where the grantee orally agreed that the
grant in his deed should be limited to a line orally designated by the
grantor.

It follows that, unless the rejected evidence was immaterial for the reason that it had no reasonable tendency to establish the alleged estoppel, the ruling of the court was both erroneous and prejudicial. We have, then, for decision this question: Did the rejected evidence fairly tend to establish the alleged estoppel? We answer the question in the affirmative. The law applicable to the question is well settled. The plaintiff, when he purchased his land, was chargeable with notice of all the rights and equities of the defendant in the premises, because the defendant was at all times after receiving his deed in the notorious possession of the disputed strip of land, claiming title up to the new survey. Actual possession of land, whether in person or by tenant, is notice of the right, title, and equity of the possessor thereto or therein. Morrison v. March, 4 Minn. 325 (422); Groff v. Ramsey, 19 Minn. 24 (44); Siebert v. Rosser, 24 Minn. 155; Wilkins v. Bevier, 43 Minn. 213, 45 N. W. 157; Wolf v. Zabel, 44 Minn. 90, 46 N. W. 81; Northwestern Land Co. v. Dewey, 58 Minn. 359, 59 N. W. 1085.

A party is estopped to deny that a division line between his own and adjoining land is the true boundary line, as against a purchaser of the adjoining land, if he induced him by his representations as to the line to purchase with reference to such line and up to it. Bell v. Goodnature, 50 Minn. 417, 52 N. W. 908; Spiller v. Scribner, 36 Vt. 245; Louks v. Kenniston, 50 Vt. 116; Richardson v. Chickering, 41 N. H. 380; Colby v. Norton, 19 Me. 412; Bolton v. Eggleston, 61 Iowa, 163, 16 N. W. 62; Mowers v. Evers, 117 Mich. 93, 75 N. W. 290; Stanley v. Green, 12 Cal. 148. To constitute such an estoppel, it is not necessary that there should be an actual intent to mislead or deceive. Beebe v. Wilkinson, 30 Minn. 548, 16 N. W. 450; Stevens v. Ludlum, 46 Minn. 160, 48 N. W. 771.

Now, the testimony of the defendant, which was finally rejected by the court, tends to show that Mr. Pease, the then owner of the adjoining quarter section to the one the defendant was negotiating for, represented to him, in effect, that the new survey was the true boundary line between the quarter sections, and that the quarter section he proposed to buy included the disputed strip and the buildings thereon; that he relied upon such representations, and, induced thereby, he purchased and paid for the quarter section. The testimony of Mr. Pease,

who represented his wife as well as himself in the transaction, corroborates to some extent the defendant's testimony. It is, however, claimed by counsel for the plaintiff that the defendant was in possession of every fact known to Mr. Pease with reference to the true boundary line between the quarter sections; hence he had no right to rely on the representations, and his defense of an estoppel fails.

It is true, as a general proposition, that there can be no estoppel where the facts were equally known to both parties. Plummer v. Mold, 22 Minn. 15; Western Land Assn. v. Banks, 80 Minn. 317, 83 N. W. 192. The testimony of the defendant on his cross-examination shows that he knew that there had been a controversy about the corners, and that a new survey had been made, and, further, that he had an impression, before he bought the land, but never knew, that the old survey was the boundary line. This by no means justifies the conclusive inference that he had equal knowledge with his grantors as to the location of the true line. On the contrary, the fact that the defendant knew that the county surveyor had made a new survey and location of the corner and line, and his previous impressions in the premises, would seem to afford good reasons why he should, before purchasing, ascertain where the true line was from the owner of one of the quarter sections affected by the change, and the agent of the other, whom he had a right to presume knew the boundary line of his own land, and why he would naturally and rightfully rely upon the representations of such owner in the premises. We hold that the excluded evidence was both competent and material as tending to establish the defendant's alleged estoppel in pais, and that its exclusion was reversible error.

Judgment reversed, and new trial granted.