HENRY LOBNITZ AND OTHERS v. D. L. FAIRCHILD.[1]

May 27, 1932.

No. 28,813.

*Gilbert & Ronning* and *Fosnes & Rolloff,* for appellant.
*Daly & Barnard,* for respondents.

WILSON, C. J.

Defendant appealed from an order denying his motion for a new trial.

The action is to determine a boundary line between city lots, and the trial court determined the line according to the city plat, declining to apply the doctrine of estoppel and later refused to amend the findings.

In 1921, while the Minnesota Implement Company owned lots one to ten, inclusive, of a certain block in an addition to Willmar, it built a foundry building 40 x 60 on what was supposed to be lot seven, which lies between lots six and eight. One Dahl furnished labor and material therefor. He filed a mechanic's lien on lots five, six, and seven. The company gave a mortgage on all the lots to the Mineapolis Trust Company and T. O. Gilbert, trustees. It then became insolvent, and Edwin F. Fink was appointed receiver.

[1] Reported in 243 N. W. 62.

The Standard Lumber Company also filed a lien, and it later instituted an action to foreclose its lien, joining the usual and necessary parties. The Standard Lumber Company's claim for lien was denied, but Dahl was given a lien for his claim for about $1,810.75, and it was adjudged superior to said mortgage.

In the mechanic's lien action the question arose as to the description of the tract of land on which the foundry building was located. After some investigation it was stipulated in open court, and because thereof the court found as a fact, that the building was located on lot seven. Because thereof lots five and six with the consent of Dahl were dropped out of the proceedings. Pursuant to the judgment entered in the mechanic's lien suit lot seven was sold by the sheriff to Mr. Dahl for $1,920. The sale was confirmed. No redemption was made. Dahl so acquired title and sold it to the defendant herein.

On a foreclosure of said mortgage the premises were sold to Victor Bergquist. No redemption was made. Bergquist later conveyed to plaintiffs. This included lots six, seven, and eight, but of course was ineffectual as to lot seven.

The building was not all on lot seven. It in fact extends over onto and covers the south 60 feet of the west 14 feet of lot six. This was unknown to any of the parties until after defendant acquired title.

Dahl had the right to claim a lien on all the ground the building covered. His lien did cover it. In reliance upon the stipulation so made in open court, he relinquished all claim to that part of lot six upon which the building was located. The solemn stipulation in open court was a representation that the building was entirely on lot seven. All parties acquiesced therein. It was understood and agreed by all of them that the lien claimant Dahl was acquiring a judgment for the sale of the ground upon which the building was located. This and other things were pleaded in the answer as constituting an estoppel. Such conduct of the parties does constitute an equitable estoppel to claim later that the building was not upon the property as all the parties supposed. Plain-

tiffs stand in the shoes of the Minnesota Implement Company and its successors who were parties to the mechanic's lien action. They are its privies, and upon the record before us they must abide by the conduct of their grantors. 9 C. J. 240; Thompson v. Borg, 90 Minn. 209, 95 N. W. 896; Bolton v. Eggleston, 61 Iowa, 163, 16 N. W. 62; Mowers v. Evers, 117 Mich. 93, 75 N. W. 290; 7 Minn. L. Rev. 569.

When plaintiffs acquired their title they were informed that they did not get the building or any part of it. They had in substance the same knowledge as their grantors. When plaintiffs negotiated for and purchased their title defendant's grantor was in possession of the building. We are of the opinion that the evidence requires a finding that plaintiffs are estopped from claiming title to the ground covered by the building. It is clear that defendant claims but a 56-foot lot. What plaintiffs lose from lot six they gain from the westerly side of lot seven. They own the land on both sides of defendant's premises. Of course if either party desires to stand on his legal rights there will be a 14-foot jog 60 feet back. This should be easily adjusted.

It was error for the trial court not to make findings as to the facts, which seem uncontradicted in the record and which defendant claims support the doctrine of estoppel. It was also error to refuse to amend the findings covering the same element; hence a new trial is granted.