THOMAS HARNEY v. GEORGE K. MORTON et al.

1. PRINCIPAL AND AGENT: ESTOPPEL: AGENT ESTOPPED BY HIS ACTS AS SUCH.—
A deed, executed by an agent, in the name of his principal, which conveys
land belonging to the agent, is a valid conveyance of the agent's title; for he,
and those claiming under him, will be estopped to deny validity of the title of
the principal.

2. EJECTMENT: BILL TO REMOVE CLOUDS: OUTSTANDING TITLE IN A STRANGER
CANNOT BE SET UP, UNLESS IT BE THEN VALID.—The defendant, in an action of
ejectment, cannot set up an outstanding legal title in a stranger to defeat the
plaintiff's recovery, unless such title be valid and subsisting at the time; and
hence, if the outstanding title be barred by the Statute of Limitations, it con-
stitutes no bar to the plaintiff's recovery. The rule is the same in a proceed-
ing in equity, under the statute to remove clouds on the title of the complainant.
See *Jackson* v. *Hudson*, 3 Johns. R. 375; *Jackson* v. *Todd*, 6 Ib. 257; *Green-
leaf's Lessee* v. *Birth*, 6 Peters R. 302; *Foster's Lessee* v. *Joice*, 3 Peters C.
C. R. 498.

3. CHANCERY: DEFENDANT BOUND BY DEFENCE SET UP IN HIS ANSWER.—The
defendant, in a suit in chancery, cannot rely upon a defence inconsistent with
the title which he sets up in himself by his answer.

APPEAL from the Superior Court of Chancery. Hon. Charles
Scott, chancellor.

*Brooke* and *Smedes*, for appellant.

This is a bill filed for the purpose of removing a cloud from the
title of the appellant from the land in controversy, caused by the
pretended claim of one of the appellees, G. K. Morton. This pro-
ceeding is authorized by the Statute of 1842, which gives the
remedy to the true owner, whether in possession or not. It is
admitted, that in such a proceeding, the complainant must show a
clear legal title. This, we contend, we have done, as is shown
both by bill and answer, together with the exhibits filed in the
cause. Both parties claim under Gabriel S. Cook. The question
is, which has his title? The appellee does not, and cannot rely
upon any outstanding title in Thomas F. Cook to defeat us;
because, both in his original and amended answer, he distinctly
denies the existence of any such title, and bases his claim solely
on the ground that the land belonged to Gabriel S. Cook. It is

true, that the appellant makes claim under Thomas F. Cook, under a deed executed by Gabriel S. Cook, as attorney in fact. The authority, on the part of Gabriel S. Cook, to do this, is denied by Morton. Granted,—then G. S. Cook's deed, though made by him as attorney, conveyed his own interest, which, according to both answers, was the only interest which then existed, the title, according to them, being in him in consequence of the invalidity of his deed and the sheriff's deed to Thomas F. Cook, which the appellees themselves assert. The bill is framed to meet both aspects of the case. We are willing to admit the invalidity of both of these deeds, and rest the case upon the title which we derive, through Valentine Cook, from G. S. Cook, by virtue of the deed executed by him as attorney for his brother, Thomas F. Cook. It cannot be denied, that if a party undertakes to convey, as attorney for another, that which he himself owns, his own rights pass by his deed; and, in this view, G. S. Cook's deed to Valentine was as good and effectual as if it were made in his own name.

The only ground on which we can conceive the chancellor dismissed the bill is, that there is no authority shown from Thomas F. Cook to G. S. Cook, to convey, and that therefore the title is still outstanding in him. To this we reply, that such a ground of defence is not set up in the answers; on the contrary, it is distinctly repudiated, and the appellees would, if they designed it, be estopped from making it by their answers. They, themselves, throw back the title upon G. S. Cook. We accept the issue, and base our claim upon his title.

Yerger and Rucks, for appellees,
After stating the case, argued:
The title to this land was not in Thomas F. Cook, until he purchased from the original patentee on the 7th day of August, 1846, and at sheriff's sale on the 20th March, 1849. The power of attorney to G. S. Cook was made before either of these purchases; it was special, and only authorized the agent to sell any lands which were at that time owned by Thomas F. Cook. These lands were acquired by Thomas F. Cook afterwards, and no authority is shown in the agent to convey such lands. This being the case, the deed from Thomas Cook, by the attorney, to Valentine S. Cook, and

the deed from Valentine S. Cook to complainant, are both void. According to the case made by the complainant's pleadings, the legal title to the land is still in Thomas F. Cook, and not in the complainant.

The rule is well established, that a complainant filing a bill to remove a cloud from a title, must show that he has the legal title, or a perfect equity. This the complainant has not shown.

We think a simple reference to the power of attorney, is sufficient to show to the court that Gabriel S. Cook had no authority to convey this land. The case of *Toulmin* v. *Heidelberg,* decided by our High Court (3 George, 268, and MS. opinions), is strongly in point. There the complainant filed a bill to remove a cloud, producing a deed made by an agent, or attorney in fact. The court held that the agent had exceeded his authority, and that the deed was void. This we deem sufficient. We will only remark that the answers of the defendants deny all fraud, nor is there any proof of fraud ; that the defendants are in the actual possession of the land, and cultivating the same, paying taxes, &c., and certainly show a much better title to it than that set up by the complainant. But as every complainant must rely upon the strength of his own, and not the weakness of his adversary's title, and as this complainant has shown no title whatever, the bill must be dismissed.

HANDY, J., delivered the opinion of the court.

The appellant filed this bill in the Superior Court of Chancery, for the purpose of removing clouds upon his title, existing by reason of an unconscientious claim set up by the appellee, to a tract of land. The title set up in the original and amended bills is as follows : The land was patented by the United States to one Gabriel S. Cook, and on the 20th March, 1849, was sold at sheriff's sale, under a judgment rendered against Cook in June, 1839, and purchased by Thomas F. Cook, who received the sheriff's deed. Gabriel S. Cook also conveyed the land to Thomas F. Cook, by deed, dated 7th August, 1846. Thomas F. Cook executed a power of attorney, on the 17th July, 1845, to Gabriel S. Cook, authorizing him to convey any lands that might be *in his name at that time, or had been theretofore conveyed to him;* and Gabriel S. Cook, as attorney in fact of Thomas F. Cook, conveyed the land in con-

troversy to Valentine S. Cook, by deed dated 1st March, 1849, who conveyed to the appellant, by deed dated 15th November, 1852. The bill alleges that the land was wild and uncultivated, but that it was claimed by the parties under whom the appellant claims title, by paying taxes and such possession as wild lands are susceptible of, which acts of ownership have been continued by him since his purchase, and that his claim was known to the appellee, Morton.

The appellee claims title under a sale made by the administrator of Gabriel S. Cook, on the 18th September, 1854, in virtue of a decree of the Probate Court of the county in which the land lies, ordering it to be sold as the property of Gabriel S. Cook, whose estate was declared to be insolvent, and for the purpose of paying his debts; and alleges that he took possession under that purchase. He alleges that the sheriff's sale at which Thomas F. Cook purchased, was merely colorable, and made for the purpose of defrauding the creditors of Gabriel S. Cook, and is therefore void; and the land remained the property of Gabriel S. Cook, and was subject to sale for the payment of his debts. He further alleges, that no title passed by the deed of Gabriel S. Cook to Valentine S. Cook, because the power of attorney, under color of which that deed was executed, did not warrant the conveyance, inasmuch as it merely authorized Gabriel S. Cook, to convey such lands as were in the name of Thomas F. Cook at that time, or had then been conveyed to him, and Thomas F. Cook had no title whatever to the land in controversy, until a long time after the power of attorney was executed; that hence the legal title is outstanding in Thomas F. Cook, and is not in the appellant.

Upon the hearing, the chancellor dismissed the bill; and from that decree this appeal is taken.

The title of the appellee, Morton, is based upon his purchase at administrator's sale, and upon the ground that the title of Gabriel S. Cook was not divested by the sheriff's sale, or by the deed from Gabriel to Thomas F. Cook; but that the land remained his property notwithstanding those conveyances, and was subject to be sold as such, in the proceedings in the Probate Court, under which Morton purchased; and consequently that no title passed to Thomas F. Cook.

Harney v. Morton et al.

But there is no evidence to show that the title of Thomas F. Cook was invalid upon the ground assumed; and, in the absence of any such proof, it must be taken that he had a good and valid title to the land. And it follows from this, that Morton acquired no title by virtue of his purchase at administrator's sale.

It is, however, insisted, that the title of the appellant is fatally defective, because the .deed from Gabriel S. Cook to Valentine Cook was made without authority of Thomas F. Cook, to whom the land belonged, as it was not embraced within the power given by Thomas F. to Gabriel S. Cook, to convey his lands, the land in controversy not being at that time the property of Thomas F. Cook.

This state of facts is established by the record; but does it afford any defence to the claim of the appellant, under the circumstances in which this case is presented by the pleadings? The position upon which the appellee's entire claim is placed by him is, that the title to the property remained in Gabriel S. Cook; and he is not to be permitted to abandon that ground, because without it he has not the shadow of right to the land, and is a mere trespasser. Admitting that position, then, to be correct, although the deed of Gabriel to Valentine S. Cook, was made without authority, and conveyed nothing as the property of Thomas S. Cook, yet it operated in law as a conveyance of the title which, according to the answer, was in Gabriel S. Cook; for he, and those claiming under him, would be estopped to deny the validity of the deed as an effectual conveyance, and, if made without authority, it would operate as a conveyance of his title. *Doe* v. *Prichard*, 11 S. & M. 336. Otherwise, he would be permitted to practise a fraud upon an innocent purchaser, and afterwards deny the validity of his own act, and set up title in opposition to it. If, therefore, the ground on which Morton's right rests be true, the title passed to Valentine S. Cook by the deed of Gabriel, whether the latter was authorized or not to convey the title of Thomas F. Cook.

But suppose that this is not a correct view of the subject, and giving all the force to the objection founded upon the fact that Thomas F. Cook's title was a good one, and that it was not conveyed by the deed of Gabriel; it amounts to a defence to the bill founded upon the outstanding title of Thomas F. Cook.

Now the rule is well settled, even in actions of ejectment, that, in order to set up an outstanding title in a stranger, in defence of the action, it must be a present, subsisting, and operative title; for otherwise the presumption is, that it has been extinguished. *Jackson* v. *Hudson*, 3 John. Rep. 375; *Jackson* v. *Todd*, 6 Ib. 257. And this is especially the case, when the party setting up the defence is a mere intruder. *Greenleaf's Lessee* v. *Birth*, 6 Peters, 302. And accordingly, it is held that a party cannot set up as a defence an outstanding title, which would be barred by the Statute of Limitations. *Foster's Lessee* v. *Joice*, 3 Peters C. C. 498.

It appears by the record, that Gabriel S. Cook conveyed the land, as attorney for Thomas F. Cook, on the 1st March, 1849. It does not appear that Thomas F. Cook has ever set up any title since that time, and the legal presumption must be that he acquiesces in the deed. If he were to bring an action to recover the land, it would be barred by the Statute of Limitations. Under such circumstances, we do not think that the alleged outstanding title of Thomas F. Cook was available to the appellee, as a defence against the appellant's title.

Under these views, the decree must be reversed, and a decree rendered in this court for the appellant; which is ordered accordingly.

A reargument was asked for, but refused.

[This case was decided at the October term, 1857, but was not handed to me in time to be reported, before the present volume was being prepared.]