## FRANCES S. WHEELER v. JOHN D. BENTON.[1]

January 22, 1897.

Nos. 10,257—(245).

**Principal and Agent—Presumption.**

A long course of dealing by an agent for his principal, during which his acts had never in any manner been repudiated by the latter, *held* to raise a presumption that the agent had actual authority to do what was done by him in line with such course of dealing.

**Same.**

The principal is dead. The agent is the husband of plaintiff, and, under the statute, cannot, without her consent, be called by defendant to testify, but can be called by her. There was no direct testimony in the case that the agent had authority to bind his principal by the acts in question. Plaintiff failed to call said agent, and failed to offer any evidence to show want of authority in the agent. *Held*, under all the circumstances, it must be presumed that the agent had authority, or that the principal subsequently ratified his acts, and the court below erred in finding against this presumption.

[1] Reported in 69 N. W. 927.

Appeal by defendant from an order of the district court for Hennepin county, Belden, J., denying a motion for a new trial, after trial by the court and order for judgment in favor of plaintiff for $6,130.14. Reversed.

*Wilson & Van Derlip*, for appellant.

As respects third persons an agency may be created or its character determined in three ways: (1) By express authority; (2) by authority implied from the relations of the parties; and (3) by the apparent authority which one person permits another to possess. The distinction between implied authority and apparent authority exists, though the two are often confused. Johnson v. Milwaukee & W. I. Co., 46 Neb. 480, 64 N. W. 1100; Winchell v. Nat. E. Co., 64 Vt. 15, 23 Atl. 728; Mechem, Ag. § 4; 18 Cent. L. J. 165, 166; Bronson's Execr. v. Chappell, 12 Wall. 681; Columbia Mill Co. v. Nat. Bank, 52 Minn. 224, 53 N. W. 1061. The sole question here is, then, did Wheeler possess such apparent authority as to justify Darling and King in supposing he could contract concerning this note. See finding of court No. 15, quoted in opinion. Knowles is estopped by his acts. If he did not actually know of Wheeler's assumed authority, he was put upon his inquiry. Such inquiry would have compelled either ratification of Wheeler's action or the repudiation of any unauthorized act. 2 Pomeroy, Eq. Jur. §§ 607, 608; Stein v. Swensen, 46 Minn. 360, 49 N. W. 55; Fowlds v. Evans, 52 Minn. 551, 563, 54 N. W. 743. The fact that Wheeler, who was the only living person having cognizance of Knowles' knowledge or ignorance, was not called as a witness, although he sat through the trial beside his wife's counsel, is not consistent with strict integrity of purpose. Kalk v. Fielding, 50 Wis. 339, 7 N. W. 296; Germania S. V. & T. Co. v. Boynton, 19 C. C. A. 118, 71 Fed. 797.

*M. P. Brewer*, for respondent.

CANTY, J. Defendant is the maker of the promissory note in suit, which is dated April 22, 1887, due three years from date, for the sum of $4,200, and payable to the order of one Betts, who in January, 1888, indorsed and delivered it to one Henry L. Knowles, a resident of the state of New York. Knowles died in 1892, and the note was acquired by plaintiff, his daughter, as a part of her share

of his estate. On the trial before the court without a jury, the court found for plaintiff, and from an order denying a new trial defendant appeals.

The court finds that coupons were attached to the note for each semiannual instalment of interest during the three years; that, as these coupon notes fell due from time to time, they were presented for payment by one Wheeler, who resided at Minneapolis, and was the husband of plaintiff, and son-in-law of Knowles; that he received payment of each coupon as it fell due, and surrendered it; that the principal note and coupons were secured by a mortgage on certain real estate owned by defendant; that in November, 1888, he conveyed the real estate to one King, who, in consideration thereof, "and with the knowledge and consent of Wheeler," assumed and agreed to pay the mortgage indebtedness, and thereafter Wheeler presented the coupons to King, and received payment of the same from him. The court further finds that, at the maturity of the principal note, in April, 1890, Wheeler and King agreed that the time of payment should be extended for six months, and in consideration thereof King agreed to pay interest on the indebtedness during that time at the rate of 8 per cent. per annum, which he paid to Wheeler at the end of that time; that Wheeler and King then agreed that the payment of the note should be again extended for another period of six months, and, in consideration thereof, King agreed to pay interest on said indebtedness at the same rate during that time; and that defendant never knew of or consented to either of these extensions. It is further found that King never paid the interest at the end of said second extension, and that no interest has ever been paid on the note since. The court further finds:

"(15) Neither said Henry L. Knowles nor the plaintiff in said action at any time took any action with reference to said note to the knowledge of defendant or of said King; or communicated to defendant or said King, or the agent or the representative of either of them, the fact of their respective interests in said note; or in anywise communicated to or notified the defendant or said King of their ownership of said note or mortgage, or of either; but said Charles H. Wheeler was the only person who, to the knowledge of defendant or said King, ever exercised or assumed to have any authority or control of said note and mortgage after the 22d day of April, 1888, until the commencement of this action; and no objection was ever made to the defendant or said King, by said Knowles or any other person, respecting the

extension of time for the payment of said note, or to either of said extensions, nor did said Knowles repudiate or disaffirm either of said agreements for the extension of the time of payment of said note."

There is no evidence of authority from Knowles to Wheeler authorizing the latter to agree to either of said extensions, except such as appears from Wheeler's own acts as aforesaid, and from the further fact that no attempt was made by either Knowles or plaintiff to collect the indebtedness or demand payment of it during the time of such extensions, or to assert any claim against defendant until August, 1894, when Wheeler demanded payment of defendant; but no other demand was made on him until this action was commenced, in March, 1895. The uncontradicted evidence shows that Wheeler demanded from King payment of the principal note at its maturity, before the agreement for the first extension of the time of payment; and at the end of the time of the second extension he again demanded payment from King of the principal and interest, and frequently afterwards importuned King to pay the note, but, as before stated, never made any demand on defendant for payment until a short time before the commencement of this action. At the time of these extensions King was solvent, and amply able to pay the indebtedness, but has since become insolvent; and the mortgage security was then amply sufficient, but now it is not. As a part of the sixteenth finding of fact the court found:

"There is an entire absence of evidence in the case that Charles H. Wheeler was at any time the agent of Henry L. Knowles for any purpose whatever, except as may be inferred from the fact of his possession and collection of said several coupons collected by him at the times when they were thus collected."

The court subsequently amended this finding of fact so as to read as follows:

"(16) Upon the evidence in this case I am unable to find that the said Knowles ever authorized the said Wheeler to extend the time for payment of the said note, or that he ever ratified any agreement made by the said Wheeler to that effect, and I am unable to find that the said Knowles ever had any notice or knowledge that the said King had assumed the payment of the said note."

On the trial plaintiff offered no evidence except the note in suit. While the assignments of error are not sufficient to raise directly the question that the findings of fact are not supported by the evi-

dence, still the defendant asked for additional findings covering the evidence above referred to, which additional findings should, under the circumstances, have been allowed, and the refusal to allow the same is assigned as error. The evidence warranted and required all the findings above quoted except the sixteenth, which, in our opinion, is, both in its original form and as amended, contrary to the evidence.

When King for a valuable consideration assumed the payment of this indebtedness, he became the principal debtor, and defendant a mere surety. If Knowles authorized or ratified either of the extensions of the time of payment given to King, defendant was released from liability. True, there is no direct evidence that Knowles ever had any knowledge of the conveyance to King, or of the assumption of the indebtedness by him, or of the extensions given by Wheeler to King. But a long course of dealing by an agent for his principal, during which his acts have never been questioned or in any manner repudiated by the latter, will, as a general rule, raise a presumption that the agent had actual authority to do what is done by him in line with such course of dealing. See Columbia Mill Co. v. Nat. Bank of Commerce, 52 Minn. 224, 53 N. W. 1061.

Wheeler had knowledge of the assumption of the mortgage indebtedness by King ever since 1888, and for a year and a half thereafter collected regularly the semiannual interest from him. When the principal and last instalment of interest fell due, Knowles received only the interest. Six months later he again received, as the complaint admits, the interest for that six months, but he did not receive the principal. During all of this time, and for four or five years afterwards, no demand was made on defendant by either Knowles or plaintiff for either principal or interest. It cannot be presumed that, for four or five years, Knowles and plaintiff forgot the existence of this indebtedness, or neglected to inquire concerning it, or that, if they had inquired, they would not have discovered what Wheeler knew as to the assumption of the mortgage by King, and what Wheeler had done as to extending the time of payment. If Knowles discovered these things, it was his duty promptly to disaffirm Wheeler's acts in extending the time of payment, or his failure to do so would amount to a ratification of those acts.

On the facts in this case, the presumption is that Wheeler had au-

thority to grant the extension, or that Knowles subsequently ratified his acts in doing so, and the court below erred in finding against this presumption.

If Wheeler and Knowles were both dead, or incompetent to testify for plaintiff, the case would be different, and a finding for either party might, perhaps, be sustained. But Wheeler is a competent witness for plaintiff, but, being her husband, is not, without her consent, a competent witness for defendant. G. S. 1894, § 5662. It being in plaintiff's power to rebut the presumption arising from the long silence and apparent acquiescence of Knowles and herself in the acts of Wheeler, her failure to do so, under the circumstances, increases and strengthens such presumption, so that the finding of the court against this presumption cannot be sustained.

The order appealed from is reversed and a new trial granted.