AUGUST LINDQUIST v. ELLA M. DICKSON.[1]

June 22, 1906.

Nos. 14,810—(129).

**Undiscovered Principal—Judgment against Agent.**

Action to recover from the defendant, as an undiscovered principal, upon a contract made by her husband for decorating and repairing her house. *Held*, if a person contracts with another, who is in fact an agent

[1] Reported in 107 N. W. 958.

98 M.—24

of an undiscovered principal, and, after learning all the facts, brings an action on the contract and recovers judgment against the agent, such judgment will be a bar to an action against the principal. But an unsatisfied judgment against the agent is not a bar to an action against the undiscovered principal when discovered, if the plaintiff was ignorant of the facts as to the agency when he prosecuted his action against the agent.

**Proof of Agency.**

It is not necessary to establish an alleged agency by direct evidence. It may be established by circumstances such as the relation of the parties to each other and their conduct with reference to the subject-matter of the contract.

**Incompetent Evidence.**

A fact may be established by incompetent evidence, if it is material, when it is received without objection.

**Impeaching Party's Witness.**

A party who has called a witness, and is surprised by his adverse testimony, may, in the discretion of the trial court, be allowed to cross-examine him, and, after laying the proper foundation, to show that he had previously made statements contrary to his testimony. The discretion was properly exercised in this case.

**Verdict.**

The evidence sustains the verdict.

Appeal by defendant from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial, after a trial and verdict in favor of plaintiff. Affirmed.

*Manahan & Cannon,* for appellant.

*Thos. J. McDermott* and *G. S. Ives,* for respondent.

START, C. J.

Action to recover from the defendant, as an undisclosed principal, for labor and material performed and furnished by the plaintiff in decorating and repairing her house, pursuant to an alleged contract made for her by her husband, Joseph M. Dickson.

The complaint alleged, in effect, that at the time the contract was entered into with the husband he was in fact acting as agent for his wife, the defendant, but he failed to disclose to the plaintiff the fact of such agency, or the fact that she was the real party in interest and owned the house, the decorating and improvement of which was

the subject-matter of the contract; that the plaintiff performed the contract on his part; that he was not paid therefor; and that he commenced an action against the husband to recover the balance due him on the contract, and on August 29, 1904, he recovered judgment against him for the sum of $273.68, no part of which has been paid; and further that thereafter (in the month of October, 1904) the plaintiff learned for the first time that the defendant was the real party in interest, and that the contract was made for her by her husband as her agent. This action was commenced in the month of June, 1905. The defendant by her answer denied that she ever made the contract alleged in the complaint, and alleged as a defense the recovery of a judgment by the plaintiff against her husband, Joseph M. Dickson. The trial resulted in a verdict in favor of the plaintiff for the amount stated, and the defendant appealed from an order denying her motion for a new trial.

1. The first group of alleged errors to be considered is to the effect that there was no evidence to support the verdict, because there was no evidence that the husband of the defendant was her agent and acted as such in making the contract in question, and further that there was no evidence that the plaintiff relied upon such supposed agency in making the contract, but, on the contrary, that he dealt with the husband as principal. It is not controverted that the plaintiff, at the time the contract was made, understood that the house he was to decorate and improve belonged to the husband, and that he was dealing with him as principal, and further that he recovered judgment against the alleged agent upon the same claim which is the basis of this action, in ignorance of such alleged agency. It is the contention of the defendant that such judgment is a bar to this action.

The general rule is that, where a simple contract, by parol or writing, is made by an authorized agent without disclosing his principal, and the other contracting party subsequently discovers the real party, he may abandon his right to look to the agent personally and resort to the principal. Wm. Lindeke Land Co. v. Levy, 76 Minn. 364, 79 N. W. 314. But whether the creditor can proceed against the undiscovered principal, after he has obtained a judgment on his claim against the agent, is a question as to which the adjudged cases are conflicting.

In the case of Kingsley v. Davis, 104 Mass. 178, the creditor, after being fully informed that the party with whom he made the contract

was acting for an undiscovered principal, brought an action against the agent and recovered judgment for his claim. Afterwards he brought an action against the principal to recover for the same claim, and the court held that the action against the principal could not be maintained for the reason that: "The general principle is undisputed that, when a person contracts with another who is in fact an agent of an undisclosed principal, he may upon the discovery of the principal resort to him or to the agent with whom he dealt at his election. But if, after having come to a knowledge of all the facts, he elects to hold the agent, he cannot afterwards resort to the principal." In Beymer v. Bonsall, 79 Pa. St. 298, it was held that nothing short of satisfaction of the judgment against the agent would discharge the principal. The case of Kingsley v. Davis suggests the true basis for solving the question. It is a question of election. Election implies full knowledge of the facts necessary to enable a party to make an intelligent and deliberate choice. Pederson v. Christofferson, 97 Minn. 491, 106 N. W. 958.

We therefore hold upon principle, and what seems to be the weight of judicial opinion, that: If a person contracts with another, who is in fact an agent of an undisclosed principal, and, after learning all the facts, brings an action on the contract and recovers judgment against the agent, such judgment will be a bar to an action against the principal. But an unsatisfied judgment against the agent is not a bar to an action against the undiscovered principal when discovered, if the plaintiff was ignorant of the facts as to the agency when he prosecuted his action against the agent. Kingsley v. Davis, supra; Steele v. Potthast, 109 Iowa, 413, 80 N. W. 517; Coleman v. First National, 53 N. Y. 388; Wharton, Ag. § 472; 1 Am. & Eng. Enc. (2d Ed.) 1139; Mechem, Ag. § 699.

The defendant also urges that there was no evidence to sustain the finding of the jury that the contract in question was made by the husband as agent for his wife, the defendant. This question was submitted clearly and carefully to the jury, and the verdict was approved by the learned trial judge. It was not necessary to establish such agency by direct evidence. It may be established by circumstances such as the relation of the parties and their conduct with reference to the subject-matter of the alleged contract. There was evidence in this case tending to show that the defendant was the sole owner of the

property upon which the contract work including the material was to be done, that she was present when the husband told the plaintiff to do the work, that she and her husband were then living together in the house, that she was present when most of the work was done and gave directions in relation to it, that no objections were made by her, and further that the husband had frequently transacted business for her at various times in the management of her property. True it is that the defendant and her husband gave testimony tending to show that she let the work to him as an independent contractor. If the jury had found this to be true, it would tend strongly to rebut any inference of agency from the conduct of the parties. The credibility of the witnesses was a question for the jury, and they may have considered the claim that the husband was an independent contractor an unreasonable and improbable one in view of the relation of the parties. We are of the opinion that the evidence supports the verdict as to the agency of the husband, and that the trial court did not err in refusing to direct a verdict for the defendant. Tuttle v. Howe, 14 Minn. 113 (145) 100 Am. Dec. 205; Hodgins v. Heaney, 17 Minn. 27 (45).

2. The plaintiff, to prove the amount and value of a particular item of the work done under the contract, called as a witness one of his painters, who testified without objection that he worked one hundred thirty seven hours on the house. On his cross-examination he testified that he did not remember, without reference to the time slips, the number of hours that he worked, and that he had recently refreshed his memory and knew the number of hours he had stated to be correct. There was no motion to strike out the evidence. The defendant objected to the testimony as not the best evidence. The record does not show that any ruling was made by the court, but it does show that the witness stated that he could produce the time slips the next day, and counsel for the defendant said, "Better produce them Monday, today is Friday," and the witness said he would do so. The record does not disclose any further reference to the production of the time slips. The defendant here urges that there was no competent evidence to support the verdict as to this item of one hundred thirty seven hours of work. The evidence was received without objection, and no motion made to strike it out. A fact may be established by incompetent evidence,

if material, when it is received without objection. Goodall v. Norton, 88 Minn. 1, 92 N. W. 445.

3. The plaintiff called as a witness in his behalf Joseph M. Dickson. During the course of his examination he was asked if, as agent of the defendant, he employed the plaintiff to make the repairs on her property. Neither the competency of the witness nor the question was objected to, and the witness answered that he did not. Thereupon counsel for plaintiff interrogated the witness as to his testimony before a referee, and he was asked if he did then testify that he did so employ the plaintiff as agent. This question was objected to, on the ground that the plaintiff could not cross-examine his own witness. The court, however, allowed the examination to proceed, upon plaintiff's statement that he was surprised by the testimony of the witness, to which ruling the defendant excepted. The witness denied that he so testified, and the plaintiff called the referee, who testified, over the objection of the defendant, that the witness did so testify. These rulings are assigned as error by the defendant.

The record justifies the inference that the plaintiff was surprised by the testimony of the witness. The witness having testified directly the opposite from what the plaintiff had reason to expect he would do, the plaintiff would be seriously prejudiced, unless the unexpected and adverse testimony could be neutralized by showing that the witness made statements to the contrary out of court. The admission of the evidence was discretionary with the trial court, and the discretion was properly exercised. Selover v. Bryant, 54 Minn. 434, 56 N. W. 58, 21 L. R. A. 418, 40 Am. St. 349.

There are no other assignments of error meriting special consideration.

Order affirmed.