## NORTH STAR LAND COMPANY v. CHARLES M. TAYLOR.[1]

May 28, 1915.

Nos. 19,223— (112).

**Equitable estoppel.**

    In 1868 F. owned the land in controversy. In 1872 W. became the owner; and while such he, purporting to act as attorney in fact for F., the former owner, executed and delivered a warranty deed to a purchaser for the recited consideration of $100. Defendant succeeded to the rights of the purchaser, took possession of the land in 1903, and has ever since remained in possession and improved the same. It does not appear that W's title was of record when he executed the deed as attorney in fact for F., nor is the existence of any power of attorney shown. In 1905 the heirs of W. quitclaimed to plaintiff. In this action to determine adverse claims, it is *held* that plaintiff, claiming under W., stands in his shoes and is estopped from asserting title as against defendant, to whose remote grantor W. executed and delivered, as attorney in fact, an unauthorized and inoperative conveyance.

---

[1] Reported in 152 N. W. 837.

Note.—The authorities on estoppel *in pais* against assertion of title or interest in real property by representing it to be in another, are presented in a note in 48 L.R.A.(N.S.) 745. As to estoppel of one who executes a deed as executor or administrator to set up an existing title in himself, see note in 21 L.R.A. (N.S.) 60. And as to estoppel of one attesting conveyance to assert title, see note in 3 L.R.A.(N.S.) 879.

Action in the district court for Crow Wing county to determine adverse claims to certain real estate. The amended answer alleged that defendant was the owner in fee and prayed judgment that plaintiff be adjudged to have no estate therein. The case was tried before Wright, J., who made findings and ordered judgment in favor of defendant. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*C. E. Purdy,* for appellant.

*Belden & Safford,* for respondent.

HOLT, J.

Action to determine adverse claims to real estate. The defendant asked to be adjudged the owner. The court found that prior to February 7, 1868, Exavia Frenier was the owner in fee simple of the land; that on May 3, 1872, Joseph P. Wilson became the owner thereof; that on November 12, 1872, Joseph P. Wilson executed and delivered a warranty deed of the land to William D. Washburn through whom defendant claims, which deed recites it to be made between Exavia Frenier by Joseph P. Wilson, his attorney in fact, as party of the first part, and William D. Washburn, as party of the second part, in consideration of $100 in hand paid. It is signed Exavia Frenier by Joseph P. Wilson, his attorney in fact, acknowledged likewise and duly recorded January 20, 1873. Except for this deed, no record of any conveyance or instrument affecting the land is disclosed. In 1905 the heirs of Joseph P. Wilson quitclaimed to plaintiff. Ever since 1903 defendant has been in possession. The conclusion of law was in favor of defendant. From the judgment entered upon these findings, plaintiff appeals.

There is no settled case, and the sole question is whether the findings of fact support the conclusion of plaintiff's estoppel, and hence defendant's ownership. Plaintiff stands in no better position than would Wilson, had he, during his lifetime, asserted title. The sole question then is, did Wilson by the deed he executed as attorney in fact, or by his conduct in executing and delivering such deed, while he himself was the owner and the one for whom he pretended to

act had nothing to convey, preclude himself from ever asserting title as against Washburn or his heirs or assigns?

The findings are that Wilson, while himself the owner in fee of the land, executed and delivered a warranty deed of the same in behalf of and as agent for Frenier, the former owner. It does not appear that the conveyance from the former owner to Wilson was a matter of record, or that Washburn, the grantee in the deed executed by Wilson, as attorney in fact of Frenier, had any knowledge of Wilson's ownership. Nor is any power of attorney to Wilson to convey disclosed except by the recitals in the deed. No presumption of its existence should now be invoked in favor of Wilson. If Wilson ever had a power of attorney from Frenier, that power was revoked as to this land when the title thereof passed from Frenier to Wilson. With the whole title and ownership in himself, it stands to reason Wilson could not act for another in respect to the land. It is settled law that when, without authority, a person assumes to act as agent, he creates a liability for himself; his pretended principal is not bound.

In ordinary executory contracts such person does not bind himself to perform the terms of the contract which on its face purports to be the agreement of another, but he nevertheless becomes bound to make good the loss to the party who entered the contract supposing the agent had authority from his alleged principal. As to executed contracts of sales, where the title purports to be transferred and the purchaser obtains possession, we apprehend that the terms and covenants of such contracts become binding upon the one who, without authority, executed the same as agent to the extent, at least, that he cannot take either title or possession away in virtue of the ownership he had when, as ostensible agent for a presumed owner, he transferred or conveyed it to the purchaser. It is not preceived that it makes any difference whether the sale relates to personal property or real estate. Here defendant succeeded to the title Wilson as attorney in fact for Frenier undertook to convey. He entered into possession thereunder in 1903. Ever since he has remained in possession, and has made valuable improvements. The allegations in the answer to that effect stand admitted. We submit that Wilson is estopped from disturbing or questioning either defendant's title or possession. This follows

whether Wilson be considered bound by the terms of the deed he executed as attorney in fact (on the theory that not binding Frenier he bound himself) or because of the doctrine of equitable estoppel, or estoppel *in pais,* his title cannot now be asserted. We think the following cases announce the principles leading to this conclusion: Sumner v. Williams, 8 Mass. 162, 5 Am. Dec. 83; Snow v. Orleans, 126 Mass. 453; Brock v. Rogers, 184 Mass. 545, 69 N. E. 334; Wells v. Steckelberg, 52 Neb. 597, 72 N. W. 865, 66 Am. St. 529; Arlington State Bank v. Paulsen, 59 Neb. 94, 80 N. W. 263; American Freehold Mortg. Co. v. Walker, 119 Ga. 341, 46 S. E. 426; Stevens v. Dennet, 51 N. H. 324; Baker v. Humphrey, 101 U. S. 494, 25 L. ed. 1065; Morse v. Byam, 55 Mich. 594, 22 N. E. 54; Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L.R.A.(N.S.) 60, 132 Am. St. 863, 20 Ann. Cas. 74; Brown v. Edson, 23 Vt. 435; Prouty v. Mather, 49 Vt. 415; Lindsay v. Cooper, 94 Ala. 170, 11 South. 325, 16 L.R.A. 813, 33 Am. St. 105; Johnson v. Branch, 9 S. D. 116, 68 N. W. 173, 62 Am. St. 857. If a witness to a deed as in Stevens v. Dennet, supra, or a scrivener, as in Baker v. Humphrey, supra, or an administrator, who assumes to convey as such, as in Millican v. McNeill, supra, may estop himself from asserting, as against the grantee therein, the title the witness, the scrivener, or the administrator personally had to the premises conveyed, how much stronger should not the conduct of Wilson herein call for the application of the doctrine of estoppel?

Were it not for Kern v. Chalfant, 7 Minn. 393 (487), upon which plaintiff relies, no one claiming under Wilson could have the temerity to attack the title and possession of defendant. But the present case is readily distinguishable. Kern, while holding a judgment against one Beecher, under a duly executed power of attorney from the latter, conveyed a tract of land owned by Beecher. The deed contained a covenant against encumbrances. It was held that the covenant bound only the principal and Kern was not estopped, but might enforce the lien of his judgment against the land. It is to be noted that Kern lawfully bound his principal; Wilson did not. The grantee in the Beecher deed had constructive notice of Kern's judgment; the find-

ings do not state that Washburn had notice, either actual or constructive, of Wilson's title. It is not an infrequent practice for persons to convey lands encumbered with mortgages or judgment liens, the grantee relying entirely upon the grantor's covenants that these will be discharged. But we are aware of no practice tolerated in law or morals under which one knowing himself to be the sole owner of land, may undertake, without authority, to convey the same as attorney in fact for one who has no interest whatever therein. Nothing can pass by such a deed except the right to use it as an estoppel. And in this case the estoppel must be used against Wilson, for he had no authority either proven, or to be presumed, to execute the deed for Frenier. It may be noted that Smith v. Penney, 44 Cal. 161, is in accord with Kern v. Chalfant, supra, but Harney v. Morton, 36 Miss. 411, is to the contrary, and appeals to Judge Taylor in North v. Henneberry, 44 Wis. 306, as being supported by the better reason.

Tested by the rules stated in Dimond v. Manheim, 61 Minn. 178, 63 N. W. 495; Bell v. Goodnature, 50 Minn. 417, 52 N. W. 908; Bigelow, Estoppel, (6th ed.) 651, as well as by the authorities first herein cited, we think the conclusions of law are clearly in accordance with the facts found or admitted.

Judgment affirmed.