(September 27, 1917.)

A. C. AMONSON and W. B. PYEATT, Copartners, Doing Business Under the Firm Name and Style of AMONSON & PYEATT, Respondents, v. W. F. STONE, Appellant.

[167 Pac. 1029.]

PRINCIPAL AND AGENT—PROOF OF AGENCY—NEW TRIAL—AFFIDAVITS—NEWLY DISCOVERED EVIDENCE.

    1. Agency may be implied where one person holds out another as his agent and thereby invests him with apparent or ostensible authority as such; it may be implied from prior habit or course of dealing of a similar nature between the parties, or from a previous agency, as where the alleged principal has previously employed the alleged agent as such in transactions similar to the one in question.

    2. To entitle one to a new trial upon the ground of newly discovered evidence, it must be shown, in the affidavits filed in support of the motion, that the newly discovered evidence could not, with reasonable diligence, have been discovered and produced at the trial.

    [As to liability of principal for unauthorized acts of agent, see note in 88 Am. St. 780 et seq.]

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James R. Bothwell, Presiding Judge.

Action in *assumpsit*.   Judgment for plaintiffs.   *Affirmed.*

E. W. Whitcomb, for Appellant.

Where money or its equivalent has been paid for the use of another, the request or ratification may be either expressed or implied.   (27 Cyc. 837.)

A subsequent ratification renders the defendant liable. (*Little Bros. Fertilizer etc. Co. v. Wilmott,* 44 Fla. 166, 32 So. 808; *Allen v. Bobo,* 81 Miss. 443, 33 So. 288.)

A subsequent recognition is equivalent to a previous request.   (*Oliphant v. Patterson,* 56 Pa. St. 368; *Wolff v. Matthews,* 39 Mo. App. 376; *Ross v. Pearson,* 21 Ala. 473.)

A. C. Cherry, for Respondents.

Under our law the acceptance of a bill or order must be in writing and signed by the drawee.   (Rev. Codes, sec. 3589; *Erickson v. Inman,* 34 Or. 44, 54 Pac. 949.)

Strong and convincing proof must be shown before credence can be given to the existence of any such alleged special contract; otherwise, the wise provisions of the statute, requiring bills and orders to be accepted in writing, would be rendered nugatory.   (*Luff v. Pope,* 5 Hill (N. Y.), 413; *Baer v. English,* 84 Ga. 403, 20 Am. St. 372, 11 S. E. 453.)

There should be in this, as in other contracts, clear evidence of an intention to do a binding act.   It would be attended with the most mischievous consequences, if every loose conversation should be construed into a binding contract. (*Van Buskirk v. State Bank,* 35 Colo. 142, 117 Am. St. 182, 83 Pac. 778; *First Nat. Bank v. Commercial Savings Bank,* 74 Kan. 606, 118 Am. St. 340, 11 Ann. Cas. 281, 87 Pac. 746, 8 L. R. A., N. S., 1148; *Walker v. Lide,* 1 Rich. (S. C.) 249, 44 Am. Dec. 252.)

MORGAN, J.—James P. Roddy and William Roddy contracted to deliver lumber to W. F. Stone, appellant herein, who was conducting a lumber business under the name of

Stone Lumber Company, and on July 2, 1910, drew two orders upon him, as follows:

"Salmon, Idaho, July 2, 1910.
"Stone Lumber Co.
"Please pay to Mr. Amonson $36.95 and charge the same to
"JAMES P. RODDY."
"To Stone Lumber Co., Dr.
"Mr. W. H. O'Brien please pay to Lex Rossi for labor $36.75 Thirty-six 75/100.
"WM. RODDY.
"O.K.—By WM. RODDY."

These orders were never accepted in writing by appellant, or his agent, but were paid by respondents, who thereafter instituted this action to recover the amount so paid, with interest, alleging in their complaint that such payment was made upon the express promise of appellant through his duly authorized agent, W. H. O'Brien, to reimburse them. In his answer appellant denied the making of any such promise through O'Brien, or otherwise, and denied that the latter was his agent or had any authority to act for him in the transaction, or that he owed the parties on whose account the orders were drawn. A verdict was rendered in favor of respondents, and judgment was entered accordingly. From the judgment and from an order denying a motion for a new trial, this appeal is taken.

It is contended by appellant that in view of sec. 3589, Rev. Codes, which provides that the acceptance of bills of exchange must be in writing, no recovery can be based upon these orders because there was no written acceptance by appellant. Without discussing the question of whether or not these orders constitute bills of exchange, it is sufficient to say that sec. 3589, *supra,* is not applicable to this case for the reason that respondents have sued upon an agreement to pay the claims evidenced by the orders. The evidence was amply sufficient to warrant the jury in concluding that respondents paid out the money at the request of O'Brien for the use and benefit of appellant.

The principal question which presents itself is whether or not O'Brien was the agent of appellant and acting within the scope of his real or apparent authority in the transaction. Appellant admitted, upon cross-examination, that O'Brien looked after business matters for him while he was away and when he could not be reached; that he, O'Brien, paid and accepted orders, and that when he accepted orders appellant paid them. He also admitted that O'Brien looked after his business, in a way, generally. O'Brien testified that appellant never refused to pay an order that he had O.K.'d; that he had authority to accept orders for labor performed. Respondent, Amonson, testified that O'Brien had come to him with the statement that he was looking after appellant's interests. Witnesses who had performed services for appellant testified that their orders, drawn by reason of such service, were paid by O'Brien.

"Agency may be implied where one person, by his conduct, holds out another as his agent, or thereby invests him with apparent or ostensible authority as agent. . . . . It is usually held that an agency may be implied from prior habit or course of dealing of a similar nature between the parties, or from a previous agency, as where the alleged principal has previously employed the alleged agent as such in transactions similar to the one in question." (2 C. J. 440; *Kelly v. Ning Young Benev. Assn.*, 2 Cal. App. 460, 84 Pac. 321; *Gambrill v. Brown Hotel Co.*, 11 Colo. App. 529, 54 Pac. 1025; *Bull v. Duncan*, 9 Kan. App. 887, 59 Pac. 42; *Fitzgerald Cotton Oil Co. v. Farmers' Supply Co.*, 3 Ga. App. 212, 59 S. E. 713; *Aga v. Harbach*, 127 Iowa, 144, 109 Am. St. 377, 4 Ann. Cas. 441, 102 N. W. 833; *Hawkins v. Windhorst*, 77 Kan. 674, 127 Am. St. 445, 96 Pac. 48, 17 L. R. A., N. S., 219; *Lindquist v. Dickson*, 98 Minn. 369, 8 Ann. Cas. 1024, 107 N. W. 958, 6 L. R. A., N. S., 729; *Haluptzok v. Great Northern R. Co.*, 55 Minn. 446, 57 N. W. 144, 26 L. R. A. 739; *Pullman Palace Car Co. v. Nelson*, 22 Tex. Civ. 223, 54 S. W. 624; *Stockton v. Watson*, 101 Fed. 490, 42 C. C. A. 211.)

The evidence is sufficient to sustain the finding of the jury that O'Brien was the agent of appellant and had authority to bind him in the transaction.

Appellant contends that the court erred in admitting evidence concerning an oral statement made by him, after the purchase of the orders, that they would be paid. Without passing on the contention that such a promise would not be binding upon appellant, we hold that such evidence was admissible as a declaration against interest and to show that instead of repudiating O'Brien's acts, he, in a manner, acknowledged the agency.

In support of his motion for a new trial appellant filed the affidavit of W. H. O'Brien, the allegations of which were in refutation of the testimony of certain of respondents' witnesses. The only reason given for not producing such evidence at the trial was that affiant had forgotten the transaction at that time. The allegations in the affidavit are stated by affiant: "to the best of his recollection and belief." There was no showing whatever made that appellant could not have, with reasonable diligence, discovered and produced, at the trial, the evidence set forth in the affidavit. Such showing is necessary in order to bring the case within the scope of sec. 4439, subd. 4, Rev. Codes. The court did not err in refusing to grant the motion for a new trial. (*Knollin & Co. v. Jones*, 7 Ida. 466, 63 Pac. 638; *Hall v. Jensen*, 14 Ida. 165, 93 Pac. 962; *Montgomery v. Gray* (on rehearing), 26 Ida. 583, 585, 144 Pac. 646.)

The judgment is affirmed and costs are awarded to respondents.

Budge, C. J., and Rice, J., concur.