## MARY JANE HARRIS v. GEORGE ATCHISON AND ANOTHER.[1]

May 1, 1931.

No. 28,354.

*C. O. Dailey,* for appellant.
*C. E. Gilmore,* for respondent.

DIBELL, J.

Action by the plaintiff against George Atchison and Agnes Atchison, his wife, to recover upon a promissory note of $1,000. There was a verdict for the plaintiff against both defendants. Judgment

[1]Reported in 236 N. W. 458.

for $1,137.33 was entered, from which the defendant Agnes Atchison separately appeals.

On July 1, 1922, the defendants made to the plaintiff a promissory note for $1,000 due in two years secured by a mortgage on land in Montana. On July 7, 1922, the defendants conveyed the land to A. E. Johnson, who assumed and agreed to pay the note. On November 18, 1924, the plaintiff extended the time of payment to January 1, 1926. The mortgaged land was worth more than the amount of the mortgage debt.

If the plaintiff, the mortgagee, extended the time of payment without the consent of the mortgagors they were released. Amidon' v. Traverse Land Co. 181 Minn. 249, 232 N. W. 33; Washington Slate Co. v. Burdick, 60 Minn. 270, 62 N. W. 285; St. Paul Tr. Co. v. St. Paul Chamber of Commerce, 64 Minn. 439, 67 N. W. 350; N. W. Thresher Co. v. Dahltorp, 104 Minn. 130, 116 N. W. 106. The burden of proof is upon the mortgagors.

It was the claim of the defendants made by their pleadings that the extension was without their consent. There was a written extension signed by the plaintiff and A. E. Johnson, with the making of which Atchison had something to do and which he witnessed; and as notary he took the acknowledgments of the parties. He cannot say that he did not consent. See Stevens v. Dennett, 51 N. H. 324; Baker v. Humphrey, 101 U. S. 494, 25 L. ed. 1065; North Star Land Co. v. Taylor, 129 Minn. 438, 152 N. W. 837. The judgment is against him, and he does not appeal. His liability is fixed.

Whether the evidence sustains a finding that Mrs. Atchison consented is more difficult. She says she knew nothing of it. If she is to be held it is because of representation through her husband. He transacted her business. Whether it might not be found that she had consented is a close question. Wheeler v. Benton, 67 Minn. 293, 69 N. W. 927; Lindquist v. Dickson, 98 Minn. 369, 107 N. W. 958, 6 L.R.A. (N.S.) 729, 8 Ann. Cas. 1024. It was for her to show lack of consent. We leave it undecided because there must be a new trial for reasons now to be stated.

■ The written release contained the following:

"Now, therefore, it is hereby agreed and covenanted that the time of payment of the principal of said note is hereby extended one year, to-wit: to January 1, 1926. And I agree to accept A. E. Johnson for payment of above mortgage releasing Geo. & Agnes Atchison."

The plaintiff claims that the words "A. E. Johnson for payment of above mortgage releasing Geo. & Agnes Atchison" were not in the extension agreement when she signed. The extension was a printed form. The blanks were filled in in typewriting. The words last quoted made a single line.

Just what the plaintiff intended saying about the alteration is not clear. Her claim of an alteration was feeble. It took some leading and coaxing. She wanted to tell about the copy she kept and to make an explanation. We do not suggest that she was unfair, but the precise question, if she had it in mind, was not met satisfactorily. If the release was made as a part of the extension agreement at the instance of Atchison, jointly liable with his wife upon the note and mortgage, she was released. The question of alteration was submitted to the jury under an instruction in effect that if there was an alteration as claimed the plaintiff could recover and otherwise she could not. With the record so doubtfully sustaining the plaintiff's claim, there should be a new trial. It was natural that when an extension was made Atchison, who was concerned in its making, would get a release. It is not improbable that upon another trial satisfactory proof may be produced. Others have knowledge. The claim of a release in the extension was not pleaded. It was tried. There is an inconsistency between the claim of a release by extension without consent and an express release in which Atchison participated; and the situation may not have been clear to the jury.

■ The plaintiff offered, and there was received in evidence over the defendants' objection, a letter from Mrs. Atchison to the plaintiff written after suit commenced in which she mentioned that the plaintiff had released them, meaning herself and her husband, from the loan and extended the time of payment to the purchaser from

them. The reference to the release was to that embodied in the extension. It was not an important piece of evidence. If the offer had come from the defendants and the objection from the plaintiff, the propriety of its reception would have been more doubtful. This was the thought of the trial court in ruling.

Judgment reversed.