[No. 24139. Department One. December 9, 1932.]

THOMAS J. O'MARA *et al., Respondents,* v. L. V. KROETCH *et al., Defendants,* PENINSULAR SAVINGS & LOAN ASSOCIATION *et al., Appellants.*[1]

*Marion Garland,* for appellants.

*F. W. Moore* and *Tucker & Tucker,* for respondents.

[1]Reported in 16 P. (2d) 818.

MITCHELL, J.—This action was brought by Thomas J. O'Mara and his wife to recover from the defendants and each of them damages claimed to have been occasioned by the joint and concerted fraudulent acts of the defendants in getting valuable real property from the plaintiffs in a trade for worthless securities. It appears that Kroetch and wife, who were non-residents of the state at the time of the commencement of the action, appeared by attorneys and served their separate answer on the attorneys for the plaintiffs, which answer was never filed, on account whereof default was duly declared and entered against Kroetch and wife. The other defendants, by answers, put in issue the allegations of the complaint.

The trial of the case resulted in a verdict for the plaintiffs, on which a judgment was entered against Kroetch and the community consisting of himself and wife and against the Peninsular Savings & Loan Association, a corporation, and against the Franklin Finance Company, a corporation, and each of them, jointly and severally, in the sum of $2,300 and the costs of suit. The Peninsular Savings & Loan Association and the Franklin Finance Company have appealed.

A number of assignments of error present the question of the sufficiency of the evidence to take the case to the jury, as against the appellants. The evidence on the subject was lengthy and somewhat involved and, in our opinion, need not be detailed. A consideration of it leads to the opinion that the trial judge did not err in not taking the case from the jury.

It seems that, after Kroetch made and served his answer to the complaint, the respondents filed and served on the attorneys for Kroetch and wife written interrogatories, to be answered by him under Rem. Comp. Stat., § 1226, which provides for the filing of

". . . interrogatories for the discovery of facts and documents material to the support or defense of the action, to be answered on oath by the adverse party."

Appellants had no notice of the filing of the interrogatories, nor of the time and place Kroetch was supposed to, and did, make and sign written answers to the interrogatories. At the trial, these questions and answers were offered in evidence on behalf of the respondents. The answers were given and sworn to outside of this state, where it appears Kroetch has continued to remain. The questions and answers contain material testimony against appellants, who objected to introducing them in evidence against the appellants because the appellants had received no notice of the taking of such testimony or opportunity to cross-examine the witness. The court overruled the objections, and announced that the questions and answers would be "admitted as against all parties to the action." The questions and answers were read to the jury. In this, we think the court committed reversible error, for the reason that a party to an action is entitled to at least an opportunity to cross-examine one who testifies against him—a right that was denied the appellants in this particular.

But respondents argue that, because the questions and answers were used at a former trial, the only effective remedy of the appellants was to move to suppress the interrogatories and answers before the present trial commenced. Resort to that course is not necessary in the protection of a party's primary right to cross-examine an adverse witness; and besides, appellants had no right to move to suppress the evidence, because it was entirely proper against the one who gave it, who was a party to the action and against whom a separate judgment was demanded and given

in favor of the party procuring and offering the questions and answers in evidence.

Considerable controversy, in several respects, arose and is presented on the appeal over the fact that these same questions and answers were taken into the jury room upon the jury retiring to decide upon their verdict. Depositions should not be taken by the jury when they retire to decide upon a verdict. Rem. Comp. Stat., § 351; Rule of Practice V, adopted January 14, 1927; Rem. 1927 Sup., § 308-5. Interrogatories and answers like these are a deposition within the meaning of the rule above referred to; but whether, in this respect, reversible error occurred, need not be determined, because in a new trial to be had the questions and answers will not be taken to the jury room.

The jury was clearly and correctly instructed

"That where one party alleges that he has been defrauded by another, the burden is upon him to prove the fraud by clear, concise and convincing evidence."

Appellants complain, however, that, in another instruction, the court inconsistently said that

" 'Burden of proof' means the burden of producing evidence which fairly preponderates over the opposing evidence."

This inadvertence will, of course, be obviated in the new trial.

There are some other assignments of error which appear not to require discussion. They have been considered and found to be without substantial merit.

Reversed, with directions to grant a new trial.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.