ARTHUR SKINNER v. ALFRED C. NEUBAUER AND OTHERS.[1]

January 27, 1956.

No. 36,739.

[15] 8 Vanderbilt L. Rev. 329; Colin, The Law of Unemployment Insurance in New York, p. 269.

[1] Reported in 74 N. W. (2d) 656.

· *Henry Levine,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *David W. Nord,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal from judgment of the district court for defendants.

Plaintiff alleges that defendants' taxicab was propelled in such a careless and negligent manner as to collide with him; that in the operation of the cab defendants failed to keep a proper lookout for the safety of others; that the cab was driven at an excessive and unlawful rate of speed; that it was not under proper control and failed to yield the right-of-way to a pedestrian; and that, as a direct and proximate result of defendant's negligence, plaintiff sustained injuries.

Defendants generally deny the allegations of plaintiff except as to the time and place of the accident and the ownership and operation of the taxicab, and they allege contributory negligence on the part of plaintiff.

The case arises out of a pedestrian-taxicab accident at the intersection of Fourth Street South and Second Avenue South in Minneapolis.

It appears from the record that plaintiff worked at the Eagles Club in Minneapolis until one o'clock on the morning of the accident. He testified that he was going to take a streetcar to his home; that when he got to the intersection of Fourth Street and Second Avenue he saw a green light; that he walked southerly about two-thirds of the distance across Fourth Street, where he was struck by the cab; and that he recalls nothing more until he awakened some hours later in a hospital. There was some discrepancy between his testimony at the trial brought out on cross-examination and his previous answers in a deposition taken by defendant as to what he had to drink during the evening in question, as well as the color of the light as he crossed the intersection.

Defendant Alfred C. Neubauer testified that on May 31, 1953, at approximately 1:30 a. m., he was driving the cab which, according to the complaint, was owned and operated by defendant Kenneth Rhodes doing business under the trade name of Blue & White Liberty Cab Company, which company also operates under the name of The Pioneer Holding Company. He further testified that at the time in question the cab was proceeding in an easterly direction down Fourth Street, a one-way street, with two passengers in the back seat. The witness stated that when he crossed Marquette Avenue, one block away, the semaphore lights at the intersection of Second Avenue and Fourth Street were "red" for traffic proceeding down Fourth Street; that when he was about halfway between Marquette and Second Avenues the sign changed to green; that shortly after the light changed he saw plaintiff standing alone on the sidewalk on the northeast corner of the intersection, north of the curb line; that as he approached the intersection he saw plaintiff about halfway across it; and that the taxicab was then one or two car lengths from the west side of the intersection. He further testified that he blew the horn on the cab and slowed down to about 15 miles per hour and that plaintiff "stopped, hesitated and stopped." He said that he "started up again" when he saw plaintiff stop and that when he was about halfway in the intersection with his cab he saw plaintiff moving again and that he thought the latter started moving even after the cab had entered the intersection. The witness claims that, after seeing plaintiff move again, he slowed down, put on his brakes, and turned the car a little to the right and that plaintiff walked right into the cab, "bounced back and went around and fell down." He said that plaintiff was in the east end of the crosswalk when the impact occurred. The witness also said that the cab was going slow and that it went only four or five feet after the impact.

The jury found for defendants, and plaintiff brings this appeal. Plaintiff raises several assignments of error, three of which we deem pertinent and therefore necessary to consider. They are that the trial court erred (1) in denying plaintiff the right to ask leading questions of defendant Neubauer when he was testifying as an ad-

·verse witness; (2) in denying plaintiff the right to ask leading questions of plaintiff's witness, William E. Brown, after plaintiff claimed surprise at Brown's testimony; and (3) in allowing the jury to take into the jury room the deposition of plaintiff taken by defendants.

■ At the opening of the trial plaintiff called defendant Neubauer to the stand as "an adverse witness." After some questioning of the witness, plaintiff began asking leading questions. Upon objection by defendants, the court called the attention of plaintiff to the fact that he had not called the witness for cross-examination "under the statute" but had called him as an adverse witness. The court then permitted plaintiff to consider the witness as though he had been called under the statute and allowed plaintiff to continue. However, the court restricted the cross-examination and leading questions to things peculiarly within the knowledge of the witness and told plaintiff that he would have an opportunity to question the witness further when he was called as a witness for defendants.

Rule 43.02 of the Rules of Civil Procedure provides that a party may call an adverse party and interrogate him by leading questions and contradict and impeach him on material matters in all respects as if he had been called by the adverse party. It would appear from the record here that the trial court was unduly restrictive in its ruling as to the scope of the cross-examination under the statute which it allowed plaintiff. However, as this is a matter of procedure and since it appears from the record that plaintiff was allowed full scope of cross-examination on all pertinent matters when Neubauer was called as a witness by defendants, there was no violation of the substantive rights of plaintiff and the error is not such as would necessitate a new trial. Skog v. Pomush, 221 Minn. 11, 20 N. W. (2d) 530; Roehrs v. Thompson, 185 Minn. 154, 240 N. W. 111.

■ Plaintiff called one William E. Brown to the stand during the trial as his own witness. Brown was one of the two passengers in the back seat of the taxicab at the time of the accident. Plaintiff claimed surprise at the answers given by Brown because they varied in some respects from what Brown had stated previously in two depositions. The trial judge ruled that plaintiff had not shown that

Brown was a hostile witness and that plaintiff should not be allowed to ask leading questions of the witness nor attempt to impeach him.

The rule in Minnesota permits a party who is surprised by the testimony of his witness to cross-examine and impeach the witness within the sound discretion of the trial court. State v. Shea, 148 Minn. 368, 182 N. W. 445; Witort v. Chicago & N. W. Ry. Co. 170 Minn. 482, 212 N. W. 944. To accomplish this purpose, the party may show prior inconsistent statements of the witness. Lindquist v. Dickson, 98 Minn. 369, 107 N. W. 958, 6 L.R.A.(N.S.) 729; Fjellman v. Weller, 213 Minn. 457, 7 N. W. (2d) 521. However, in the instant case the record shows that the inconsistencies between the testimony of the witness at the trial and his statements made in the deposition were minor except for one instance. The witness's testimony was substantially the same at the trial and in the deposition with regard to the speed of the cab; lack of knowledge as to whether plaintiff had crossed the street with or against the light; the distance plaintiff was thrown into the air by the force of the impact; witness's lack of knowledge as to whether the cab driver had seen plaintiff before the accident; and the distance which the car skidded after the accident. The only material difference in the testimony made at the trial from that in the deposition was that at the trial he testified that he had first seen plaintiff when the cab was 50 feet from the intersection of Fourth Street and Second Avenue, whereas in his deposition he stated that he had first seen plaintiff when the cab was about half a block from the intersection. It is difficult to perceive how this discrepancy could prejudice plaintiff's case in any material respect. The witness had testified that he did not know if plaintiff was crossing with or against the light and that he had no certain knowledge as to whether the cab driver had seen plaintiff or not. The witness was riding in the back seat of the taxicab, and discrepancies in his testimony as to whether he first noticed plaintiff when 50 feet away from the intersection or half a block from the intersection would not appear to be so prejudicial to plaintiff as to make the point one necessitating a new trial. State v. Saporen, 205 Minn. 358, 285 N. W. 898; Lindquist v. Dickson, *supra*. It is our opinion that the trial

judge did not abuse his discretion in the ruling and, further, that no prejudice resulted to plaintiff in any event.

■ The third assignment of error which we shall consider presents a more serious question. The jury was allowed to take a deposition to the jury room. This deposition was taken by defendants from plaintiff. M. S. A. 546.15 provides that, on retiring for deliberation, the jury may take with them all papers received in evidence *except depositions*. Defendants claim in their brief that this statute does not expressly prohibit the sending of depositions to the jury room. However, it is our opinion, in accord with the opinion of a majority of the courts, that depositions are not to be taken by the jury into the jury room when they retire for deliberation. O'Mara v. Kroetch, 170 Wash. 440, 16 P. (2d) 818; Continental Fire & Cas. Ins. Corp. v. Drummond (Tex. Civ. App.) 220 S. W. (2d) 922; Welch v. Insurance Co. 23 W. Va. 288; State v. Lord, 42 N. M. 638, 84 P. (2d) 80; Rawson v. Curtiss, 19 Ill. 455; Higgins v. Los Angeles Gas & Elec. Co. 159 Cal. 651, 115 P. 313, 34 L.R.A. (N.S.) 717.

If depositions are to be taken into the jury room, an unfair advantage may accrue to one party since the jurors will have the opportunity to refresh their memory as to the testimony in the deposition while the oral testimony given at the trial is fading from their memory. The result of this well may be that undue emphasis will be given to the testimony in the deposition. In addition, the deposition may contain material not admissible in evidence which should not be under consideration by the jury. See, Higgins v. Los Angeles Gas & Elec. Co. *supra;* Welch v. Insurance Co. *supra;* Rawson v. Curtiss, *supra.* It is therefore our opinion that it was error to allow the deposition to be taken to the jury room if proper objection was made thereto.

Plaintiff made no objection to the deposition going to the jury room, and, in fact, it appears from the record that plaintiff's attorney, in his argument to the jury, referred to the document and referred to the fact that the jury would be reading it in their deliberation. Further, no mention of this error was made in plaintiff's motion for a new trial, and it was raised for the first time on the

argument of the motion for a new trial. Rule 59.01(6) of the Rules of Civil Procedure provides that a new trial may be granted because of errors of law occurring at the trial and objected to at the time or, if no objection need have been made at the trial, if the error is plainly assigned in the notice of motion. Since no objection was made at the trial and this error was not assigned in plaintiff's motion for a new trial, it is evident that the error now cannot be used as a basis for a new trial on appeal to this court. In re Improvement of County Ditch No. 1, Yellow Medicine County, 241 Minn. 6, 62 N. W. (2d) 80; Murray v. Wilson, 227 Minn. 365, 35 N. W. (2d) 521.

■ We have considered other assignments of error of plaintiff but do not deem it necessary to discuss them. The questions of defendants' negligence and of the contributory negligence of plaintiff were submitted to the jury, and, under the record here, their decisions on those questions must be considered conclusive. Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. (2d) 758; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327.

Affirmed.